# Henry Hudson

### *v.*

## Joseph H. Hanson.

1. CHANGE OF VENUE—*must be asked at earliest moment.* It has been uniformly held by this court that a motion for a change of venue must be made at the earliest practicable moment, and not put off until just before the cause is to be called for trial.

2. Where, at the June term of court, a petition was filed for a change of venue, and notice given of an application to be made at that term, but no motion was made until the next term, the fact that the court had entered an order that all causes on the common law docket should stand continued for all purposes except defaults, assessment of damages, motions and the settling of issues, was *held* no excuse for not making and pressing the motion at the June term, and therefore the motion was properly denied at the next term.

3. PROMISSORY NOTE—*signing in blank.* Where a party signs a promissory note in blank, knowing what he is signing, and the same is indorsed before maturity to a *bona fide* purchaser without notice of any infirmity attached to it, it seems he will be responsible for its payment.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

This was a suit originally brought by Joseph H. Hanson against Henry Hudson, before a justice of the peace, upon a promissory note. The material facts of the case appear in the opinion of the court.

Mr. S. W. HARRIS, and Mr. R. E. BARBER, for the appellant.

Mr. GEORGE S. HOUSE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The promissory note which is the subject of this controversy, purported to have been executed by Henry Hudson to one I. H. Johnson, and by him indorsed to Joseph H. Hanson. It was dated December 13, 1866, and payable six months

.after date, for value received, and for the sum of seventy-five ·
dollars. It was endorsed by the payee, a few days after its
date, and on its maturity, payment being refused, the endorsee,
Hanson, commenced an action thereon before a justice of the
peace, which resulted in a verdict and judgment for the
defendant.

On appeal to the circuit court, at the January term, 1870,
on a trial there before a jury, the verdict was "no cause of
action." This verdict, on motion of plaintiff, for a new trial,
was set aside, and at January term, 1872, the cause was again
tried, and the same verdict, in terms, was rendered. A
motion for a new trial was made, which, without any special
order of continuance, went over to the next June term, at
which term the motion was allowed.

At the June term, 1873, and on June 3, the defendant
filed his petition for a change of venue, on account, as alleged,
of the prejudice of the judge, and alleging that the knowledge
thereof did not come to the petitioner until the day previous.
The notice served was to the effect that the party would make
his application on the ninth of that month.

No motion was in fact made at that term, but at the follow-
ing October term, the defendant made an affidavit in support
of a motion for a change of venue, in which is inserted the
application and notice made at the June term, alleging as an
excuse for failing to make the motion at that term, that the
court had entered an order that all causes then on the common
law docket should stand continued for all purposes, except
defaults, assessment of damages, motions and settling of
issues.

The court disallowed the motion, and directed the affidavit
to be stricken from the files for impertinence.

It would appear from the record that no motion was in fact
made for a change of venue until at the October term, at which
term it was duly made and denied. We are inclined to think
the motion came too late. It has been uniformly held by this
court that a motion for a change of venue must be made at the

earliest practicable moment, and not put off just before the cause is to be called for trial. *Moss et al.* v. *Johnson*, 22 Ill. 633; *Kelly et al.* v. *Downs*, 29 ib. 74. The order of the court continuing the causes on the common law docket expressly saved motions, and this motion should then have been made and pressed.

Upon the merits of the case we have found nothing, on a careful reading of the testimony, which would justify an interference with the finding of the jury. Appellant was his own principal witness, and the jury had the full benefit of his knowledge of the transaction. That he made different statements about this note is shown, and that he knew he was signing a note in blank, there is a great preponderance of evidence. The jury were charged by the court as appellant requested, and no question was made on the evidence on the trial. All the facts were placed fully before the jury, and they properly instructed. The plaintiff appears to be an innocent purchaser of this note for value, without any notice of any infirmity attached to it, and the fact that it was obtained by fraud and circumvention is wholly ignored by the jury, and their verdict must stand. The other points are not sustained.

The judgment is affirmed.

*Judgment affirmed.*