# Samuel D. Thompson, Secretary, etc., v. American Percheron Horse Breeders' & Importers' Association.

## Gen. No. 11,286.

1. HEARING—*when time of, waived.* It cannot be urged upon appeal that a motion to dissolve an injunction was heard at an improper time, where such objection was neither made nor suggested in the trial court.

2. RULES OF TRIAL COURT—*when, not considered upon appeal.* Where the rules of the trial court relied upon in support of an assignment of error were not offered in evidence, they will not be considered upon appeal; nor does the statement of the trial judge that he is familiar with such rules make them a part of the record so as to avail on appeal.

3. CHANGE OF VENUE—*when application for, comes too late.* An application for a change of venue should be made at the earliest possible moment, and comes too late where presented after asking for a postponement of the matter pending before the court.

4. DISMISSAL FOR WANT OF EQUITY—*when, erroneous, upon dissolving a preliminary injunction.* Where a preliminary injunction has been issued upon a bill of complaint, which, before final hearing, is dissolved, a motion by the complainant to dismiss the bill should be allowed where there is no cross-bill on file and the answer of the defendant asks no affirmative relief.

5. PRAYER FOR GENERAL RELIEF—*what may be granted under.* Under a prayer for general relief, whatever relief is justified by the allegation of the bill and the proof, may be awarded.

Proceeding for injunction, discovery and accounting. Appeal from the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded with directions. Opinion filed May 12, 1904.

GORDON A. RAMSAY, for appellant; GEORGE P. MERRICK, of counsel.

HOPKINS, DOLPH, PEFFERS & HOPKINS and LONGENECKER & LONGENECKER, for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellant, on a sworn bill filed February 20, 1903, in the Circuit Court against appellee, a corporation organized and existing under the laws of Illinois, that day obtained an *ex parte* injunction as prayed by the bill. After a general and

132     APPELLATE COURTS OF ILLINOIS.

VOL. 114.] Thompson v. Am.-Horse Breeders' & Importers' Ass'n.

special demurrer to the bill was overruled, the defendant, the appellee, filed a sworn answer and moved to dissolve the injunction, which motion was heard upon the bill and answer and affidavits in support of the bill and answer, respectively, and the injunction dissolved May 18, 1903, the court at the same time giving appellee leave to file a suggestion of damages instanter, which was done. Thereafter, appellant moved to dismiss the bill without prejudice, and appellee made a cross-motion to dismiss the bill for want of equity. No cross-bill was filed, nor does the answer ask affirmative relief. The court denied appellant's motion, but granted the motion of appellee and entered a decree to that effect, based upon said motions, reserving the cause, however, only for the purpose of determining the amount of said damages. After a recitation of the motions the decree finds " that there is no equity in complainant's bill." From this decree this appeal is taken. Subsequently the court assessed the damages of appellee at $500, from which a separate appeal was prayed and allowed, but is not here involved.

Certain preliminary matters presented by counsel will first be considered.

First, it is claimed that under the notice given of the motion to dissolve, the motion should not have been heard on May 15, 1903, and under the rules of the Circuit Court, Judge Bishop, a judge of the Sixteenth Judicial District of Illinois, holding a branch of the Circuit Court of Cook county, had no right to hear the motion.

The notice of the motion was given to appellant's counsel May 13, 1903, that the motion to dissolve the injunction would be called up before Judge Bishop on Friday, June 15, 1903, at ten A. M. Appellant's counsel appeared before Judge Bishop on May 15, 1903, in the morning (but what time does not appear), and asked that the hearing of the motion be deferred until affidavits of certain non-resident witnesses in support of the bill could be obtained, and stated that his clients were "all out of town." He made no suggestion nor objection to the court that the motion

was being called up before the time named in the notice, and should, in our opinion, be held to have waived any error in this regard because of the notice.

That Judge Bishop did not proceed in compliance with the rules of the Circuit Court, is a matter not presented by the record, since no rules of the Circuit Court are shown by the record, except that it appears appellant's counsel stated to said judge that the Circuit Court had certain rules, which he proceeded to read. The rules were not offered in evidence, and did not thus become a part of the record. The statement of the judge, subsequently, that he was familiar with the rules, did not make them a part of the record. Davis v. R. R. Co., 170 Ill. 595-9; Dahms v. Moore, 10763 of this court, not reported.

Second, it is claimed that the court erred in denying a petition made by appellant for a change of venue, which was filed and presented to the court after the application of appellant's counsel to the court to defer the hearing of the motion to dissolve the injunction until he could obtain the affidavits of certain non-resident witnesses, had been denied. Waiving all questions of sufficiency of the petition for change of venue, we are of opinion the court did not err in denying it, for the reason that it came too late, because not presented before asking the court's indulgence to prepare for the hearing of the motion to dissolve. An application for a change of venue should be made at the " earliest possible moment." Hudson v. Hanson, 75 Ill. 198-9; Richards v. Greene, 78 Ill. 525-8; McClelland v. McClelland, 176 Ill. 93.

The only remaining question is whether the chancellor erred in denying appellant's motion to dismiss the bill, and in dismissing the bill for want of equity. It is clear from the record that there was no final hearing of the case upon evidence, but the decree was rendered in response to appellee's motion to dismiss the bill for want of equity. The record shows, besides what has been stated, that after the injunction was dissolved on May 18, 1903, appellant moved the court to dismiss the bill, but the motion was denied.

**134**    APPELLATE COURTS OF ILLINOIS.

VOL. 114.] Thompson v. Am. Horse Breeders' & Importers' Ass'n.

The same day appellant's solicitor gave notice to appellee's solicitor that he would, on May 21, 1903, move the court to dismiss the bill "without prejudice." This motion was called up for hearing on said May 21, when it appears that appellee's counsel argued that because the bill was for an injunction only, which had been dissolved, thus determining that there was no equity in the bill, that was the end of the case, and the court should not dismiss the bill on the complainant's motion. The chancellor deferred the further hearing of the motion to May 23, when the appellee interposed its cross-motion to dismiss the bill for want of equity. Without further argument or hearing, so far as shown by the record, the complainant's motion was overruled, the defendant's motion sustained, and the decree in question rendered.

The chancellor evidently proceeded upon the theory that after a dissolution of the injunction the case was ended, and it was his duty to dismiss the bill, so as to make an end of the litigation or have the case reviewed in an appellate tribunal, while the appellant's wish was, apparently, to abandon that bill without prejudice and file another, as was later done in the Superior Court. We are of opinion the chancellor erred in denying appellant's motion.

There having been no final hearing of the case, but only a hearing of appellee's motion to dissolve the injunction, and there being no cross-bill on file, and the answer asking no affirmative relief, the complainant had a right to dismiss his bill without prejudice at his own costs. The costs would be adjudged against him as a matter of course. Mohler v. Wiltberger, 74 Ill. 163; Blair v. Reading, 99 Ill. 600–12; Reilly v. Reilly, 139 Ill. 180–3; Langlois v. Matthiessen, 155 Ill. 230; Bates v. Skidmore, 170 Ill. 233.

In the Mohler case this question was presented. The court say : "We understand the practice to be well settled that the complainant, at any time prior to a decree, has the right, unless a cross-bill has been filed, to control the fortunes of his own bill and dismiss it as a matter of course." The rule thus stated is reaffirmed in the other cases cited,

with the modification that the dismissal should be " on payment of costs." It was also held in the Bates case that it is immaterial whether the order contains or does not contain the words " without prejudice," so far as concerns its effect as a bar to a new proceeding. The court also in the Bates case recognizes that "some authorities hold that the propriety of permitting the complainant to dismiss his bill without prejudice rests in the sound discretion of the court," though it does not modify the rule previously laid down by the Supreme Court—but held that on the record there was no showing that prejudice would result to the defendant in allowing the complainant's motion to dismiss the bill. So in this case no prejudice would result to appellee from the allowance of appellant's motion, since it must have been at his costs (it was not asked without costs), and the cause could have been retained, as it was, on the allowance of appellee's motion, for the purpose of determining the damages suffered by appellee because of the injunction.

If it be said that appellant could not be prejudiced by the denial of his motion because the bill did not show any equity, and that the chancellor was right in dismissing the bill for want of equity for that reason, and because the bill was for an injunction only, the injunction having already been dissolved, the answer is, that by the action of the chancellor appellant was denied an absolute right, namely, to seek another forum and to file another bill, which would present a case cognizable in equity, if this bill did not show such a case, a matter which we need not and do not decide. Also it is not true that the bill, on its face, is for an injunction only. It is true it contains no prayer, except for an injunction and for general relief, but it contains allegations which if true (and for the purposes of this decision they must be assumed to be true), would justify the granting of relief to appellant. The prayer for special relief in a bill may be denied and yet under a prayer for general relief whatever relief is justified by the allegations of the bill and the proof may be awarded. Gibbs v. Davies, 168 Ill. 205; Village of Winnetka v. Ry. Co., 204 Ill. 297–305. When a

136    APPELLATE COURTS OF ILLINOIS.

VOL. 114.] Am. Percheron Horse Breeders' Ass'n v. Importers' Ass'n.

bill is dismissed for want of equity on motion, and without a final hearing, the question presented on appeal from the decree, whether the bill prays for an injunction only or other relief, is, does the bill show equity on its face. Williams v. Chicago Ex. Co., 188 Ill. 27–33, and cases cited; Goddard v. C. & N. W. Ry. Co., 202 Ill. 362–6. This question we do not decide, because the error in denying complainant's motion to dismiss is a sufficient reason for a reversal.

The decree is reversed, the cause remanded, and the Circuit Court is directed, in case the complainant should renew his motion, to dismiss the bill at complainant's costs, with a reservation of the question of alleged damages by reason of the issuing of the injunction; or, if such motion is not renewed, then that the Circuit Court take such other and further proceedings as equity may require.

*Reversed and remanded with directions.*