### Charles W. Finch, Plaintiff in Error, v. Nellie Finch, Defendant in Error.

### Gen. No. 15,432.

SEPARATE MAINTENANCE—*when wife entitled to.* Even though the separation may have been induced by the fault of the wife, her right to support from her husband is not lost unless such fault was sufficient to entitle the husband to a decree of divorce.

Divorce. Error to the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed April 13, 1911.

WILLIAM P. BLACK, for plaintiff in error.

EDWARD J. KELLEY, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the complainant, Charles W. Finch, from a decree of the Circuit Court dismissing, for want of equity, his bill for a divorce from his wife, Nellie Finch, on the ground of cruelty, and decreeing, under the cross-bill of defendant, that complainant pay to her $25 per month for the maintenance of the two children of the parties until they became of age, and that he pay her $15 per month for her own support.

We cannot, on the evidence in this record, say that the chancellor, who heard the witnesses, might not properly find that the defendant was not guilty of such acts of cruelty towards her husband as entitled him to a divorce, and therefore the decree dismissing the bill for want of equity will be affirmed.

The parties were married June 2, 1893, and lived together until April 19, 1906, when the husband left the house in which he and his wife and children were living, and since that time has not lived with his wife. In Jones v. Jones, 124 Ill. App. 201, we held that where a husband had left his wife and was living apart from her, the wife was entitled to separate maintenance, notwithstanding she might not have been without fault in the domestic difficulties which preceded the separation, where the fault of the wife was not such as to entitle the husband to a divorce.

It would serve no useful purpose to review the evidence. The husband left his wife and filed against her a bill for divorce on the ground of cruelty, which we have held was properly dismissed for want of equity. In accordance with the rules stated in Jones v. Jones, *supra,* we hold that although the wife may have been at fault in the domestic difficulties which preceded the separation, the chancellor might properly find that she was living separate and apart from her husband without her fault, and therefore was entitled to a decree against him for support and maintenance.

The decree will be affirmed.

*Affirmed.*