## Jane L. Judd, Appellee, v. James W. Judd, Appellant.

SEPARATE MAINTENANCE—*when conduct of wife does not justify husband's desertion.* The keeping of boarders by the wife in order to earn money to prevent the foreclosure of a homestead mortgage is not such conduct, even though strenuously objected to by the husband, as will justify his desertion.

Bill in chancery. Appeal from the Circuit Court of Madison county; the HON. W. E. HADLEY, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 21, 1912.

C. H. BURTON, for appellant.

EARLY & WILLIAMSON, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee filed a bill in chancery for separate maintenance against appellant, her husband, in May, 1910. In her bill she alleges she is a resident of Madison county, Illinois, and was married to appellant March 3, 1881; that a few years after said marriage he commenced a course of unkind, cruel and inhuman conduct toward her which he continued until she finally separated from him, April 1, 1910; that his conduct was such as to render it unsafe and improper for her to live with him and that he had failed and refused to furnish her with means of support for more than three years prior thereto; that he is a man of violent and ungovernable temper and has on many occasions addressed to her the most opprobrious epithets and threats of personal violence; that in consequence of such conduct on his part, she was obliged on said date to leave the house of defendant and seek refuge with her friends; that on January 1, 1905, she purchased part of a lot and afterwards built thereon a house which was occupied by her and appellant; that to erect said house she borrowed $1,100 of a loan association; that appellant paid the monthly dues on said loan for about three years; that in March, 1909, he ceased to pay said dues and refused to provide appellee with means of support and that she was then compelled to take boarders to procure a living and make the monthly payments.

The bill concluded with a prayer that appellant be compelled to make provision for appellee's support and that she be decreed the free possession, use and control of said premises.

Appellant's answer denied most of the allegations of the bill and set up that appellee without just cause ceased to live and cohabit with him on and after December 20, 1908; that the money put in said real estate was derived from property owned and afterwards sold by appellant. The bill, answer and replication

contained many charges of improper conduct on behalf of both parties, which it is unnecessary to repeat here.

The decree found that appellee had been living separate and apart from appellant, without her fault, since July 11, 1909, and that during said time he had failed and refused to provide for or contribute to her support and maintenance, according to his means and their condition in life; that appellee purchased said real estate out of her own moneys as her own property and held title thereto; that appellant had paid for monthly dues and interest on the loan on said premises made by said association, the sum of $528 and had built a stable thereon at a cost of $55 and that appellee had paid the rest of the dues and interest to the association up to the time of the decree.

It was decreed that appellee was entitled to separate maintenance from appellant and that the latter should pay her the sum of $10 per month during the time he should occupy a room in said dwelling house; that in case he should remove from said room he should pay appellee the sum of $3 a month and that he pay the costs of suit.

The evidence in this case showed an entire lack of harmony between the parties and that a most deplorable condition existed. Each charged the other with immoral conduct and sought to prove the same. They had frequent quarrels in which the most violent language was used by both of them.

The proofs clearly showed that appellee was living separate and apart from her husband within the contemplation of the statute and the only other fact necessary for her to show, to sustain her bill, was that she was living in that manner without her fault. The temper and violent language of the wife do not appear to have been the reasons why appellant refused to live with and support her, but his refusal to do so

appears to have been based upon the fact that she was determined to keep boarders.

In July, 1909, when the dues to the building association were four months in arrears and if not paid in two months more, would have subjected the premises to a foreclosure, appellee commenced to keep boarders. Her object in so doing, as she claims, was to raise the necessary amount to pay the association dues and save her home. Appellant objected strenuously to this action on her part and when she persisted in her intention, he refused to contribute any further to her support, and while occupying a room in the house, took his meals elsewhere. Appellee continued to keep boarders for a while and afterwards for sometime worked out as a domestic in order, as she says, to obtain money to protect the home from the foreclosure of the mortgage debt.

While appellee's conduct towards appellant has not been free from censure, yet upon a consideration of all the proofs we cannot say that the court below was not authorized in giving a decree in her favor. The amount fixed by the court to be contributed by appellant towards the support of appellee was not exorbitant and the decree will therefore be affirmed.

*Affirmed.*