## Mathilda A. Ford, Appellee, v. Percy James Ford, Appellant.

### Gen. No. 19,899.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICH-ARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913.. Affirmed. Opinion filed November 19, 1914.

### Statement of the Case.

Action was brought by Mathilda A. Ford against Percy James Ford for separate maintenance. A trial before a chancellor resulted in a decree for separate maintenance in favor of the·wife, and defendant appeals.

Defendant admitted that he had "left home" on December 9, 1912, and the evidence tends to prove that he left with the intention not to return. He testified that when he went away he kept his key and told his wife that he "reserved the right to come and go

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

as he pleased, that he wanted to come back *once in a while,* and that he would be back the following Sunday *for his linen.''* He testified further that the immediate cause of his leaving home in this manner was that his wife was continually "nagging" him, by accusing him, without cause, of improper relations with other women. The wife testified, on the other hand, that for a long time before he left home he was in the habit of remaining out at night until a late hour, and sometimes all night; that this habit had been the occasion of frequent quarrels between them; that on two occasions, more than five years prior to the filing of the bill, he had struck her during such quarrels; that these offenses had been forgiven, but that the offense was repeated one night about two weeks prior to the time he left home. Defendant admitted all this except the last offense. He denied that he struck appellee on the last occasion referred to, but admitted, on cross-examination, that he had "pushed her back on the pillow," and told her to "lie down and go to sleep."

BEACH & BEACH, for appellant.

BLUIM & TEED and BRUNDAGE, LANDON & HOLT, for appellee; BENSON LANDON, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. HUSBAND AND WIFE, § 217*—*what constitutes living apart without wife's fault.* Evidence *held* sufficient to support a decree for separate maintenance against the husband, although the wife was guilty of "nagging" and participated in quarrels brought about by the husband's habits and the wife's suspicions.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. VENUE, § 14*—*when application for change of venue not made in time.* Where a petition for a change of venue is presented to a court after the trial of the case has commenced, it is presented too late, so that the trial court does not err in denying it.

3. APPEAL AND ERROR, § 749*—*how proceedings for change of venue are preserved for review.* When a petition for a change of venue in a chancery case is treated and considered as an affidavit, the ruling of the trial court is not saved for review, unless the petition is made part of the record by a certificate of evidence.

4. HUSBAND AND WIFE, § 267*—*when a finding that the wife is living apart from her husband for his fault will not be disturbed.* In an action for separate maintenance, where the chancellor, witnesses before him, finds the husband's fault, and not that of the wife, brought about an admitted separation, a reviewing court will not disturb the decree which is supported by the preponderance of the evidence.

5. HUSBAND AND WIFE, § 243*—*when allowance for separate maintenance not excessive.* Where it appeared that a husband's salary was one hundred dollars a week and that he had other sources of income, and that while the parties were living together his wife received from him a regular allowance of thirty-five dollars a week for household expenses and that when he left home he made arrangements to pay his wife an allowance of twenty-five dollars a week, he has no just cause of complaint against a decree awarding thirty dollars a week towards the support of his wife and her minor child and allowing her to remain in possession of the family homestead, worth about nine thousand dollars.