CHICAGO—FIRST DISTRICT—OCTOBER, 1917.    321

Epstein v. Fort Dearborn Motor Cartage Co., 207 Ill. App. 321.

## Max Epstein, Appellee, v. Fort Dearborn Motor Cartage Company, Appellant.

### Gen. No. 23,074. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed October 2, 1917.

### Statement of the Case.

Action by Max Epstein, plaintiff, against the Fort Dearborn Motor Cartage Company, a corporation, defendant, to recover on four promissory notes given by defendant to Master Motor Company and alleged to have been by it indorsed and delivered before maturity, for a valuable consideration, to plaintiff. From a judgment for plaintiff for $653.66, defendant appeals.

FRANK D. FULTON and EUGENE L. GAREY, for appellant; EARL JAMES GAREY, of counsel.

STEIN, MAYER & STEIN, for appellee; SIGMUND W. DAVID and EZRA COHN, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1.  BILLS AND NOTES, § 336*—*when copy of note filed is not part of declaration.* Where a copy of a promissory note is filed with or attached to a declaration, it does not become a part thereof.

2.  CHATTEL MORTGAGES, § 216*—*when assignment of notes not stating on faces to be secured by chattel mortgage not invalidated.* Courtwright's Ill. St. ch. 107, sec. 8 (J. & A. ¶ 7602), providing that all notes secured by chattel mortgages shall state upon their face

that they are so secured, and, when assigned by the payee, shall be subject to all defenses existing between the payee and the payor, does not invalidate an assignment of notes, even though they are, and appear on their faces to be, secured by a chattel mortgage, but merely permits a person sued on such notes to set up any defense existing between the payee and payor.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when allegations in statement of claim taken as true.* The statements of a plaintiff in his statement of claim as to the amount due on promissory notes sued on must be taken as strictly true until met by a sufficient denial.

4. MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of merits insufficient to put plaintiff to proof of claim.* In an action in the Municipal Court of Chicago on promissory·notes, where plaintiff set up in his statement of claim that there was legally due him the full amount claimed in the statement, *held* that an allegation in defendant's affidavit of merits merely denying any knowledge of the matter was not sufficient to put plaintiff on proof of allegation in his statement of claim.

5. MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of merits in action on notes is insufficient.* In an action on four promissory notes by the assignee against the maker, *held* that an affidavit of merits which failed to present the defenses that the consideration for the notes had failed and that there was a breach of warranty of the machinery which represented the consideration for the notes, and that the notes were within the provisions of J. & A. ¶ 7602, providing that all notes secured by chattel mortgage shall state such fact upon their faces and, when assigned, shall be subject to all defenses existing between the payee and payor, was insufficient to defeat plaintiff's claim that he was a bona fide holder in due course of the notes.

6. VENUE, § 14*—*when motion for change of is too late.* A petition for change of venue, presented after two affidavits of merits have been stricken from the files and after counsel for plaintiff has presented and argued his motion to strike an amended second affidavit of merits, is too late.

7. VENUE, § 19*—*how petition for change of construed.* A petition for a change of venue must be strictly construed.

8. VENUE, § 20*—*when petition for change of is insufficient.* A petition for a change of venue which incorrectly designates the petitioner, who is the plaintiff, as defendant, and is signed by a certain person as authorized agent for defendant, and alleges that "he" could not expect a fair trial, and fails to allege that the defendant could not receive a fair trial, is insufficient.

9.  APPEAL AND ERROR, § 1094*—*what is improper matter in brief.* It is highly improper for counsel to use in their brief insolent and opprobrious language regarding the trial court in making its rulings, even if the court has committed error.