In re Wheeling Drainage District No. 1.
William Buesing, Appellant, v. Henry Grandt et al.,
Appellees.

Gen. No. 38,404.

Opinion filed December 16, 1935. Rehearing denied December 30, 1935.

THEODORE A. KOLB, of Chicago, for appellant.

MORRIS ARONSON, of Chicago, for appellees.

Mr. Presiding Justice McSurely delivered the opinion of the court.

Objections were filed to the reports of the Commissioners of the Wheeling Drainage District; these came on for hearing before Judge Isley in the county court; the attorney for the objectors filed a motion for a change of venue; this motion was denied and the hearing on the reports and objections proceeded. The objectors appeal to this court, questioning only the action of the trial court in denying the motion for a change of venue.

The commissioners, who are appellees, first say that a change of venue in these proceedings before the county court is not covered by the Change of Venue Act, which affects only civil suits or proceedings in law or equity (Ill. State Bar Stats. 1935, ch. 146, sec. 1); that these proceedings are none of these.

The Wheeling Drainage District was organized by decree of the county court of Cook county many years ago under the Drainage Act (ch. 42, secs. 41 and 42) and commissioners were appointed by the court. Sections 41 and 42 of the act provide that these commissioners shall, as often as once in each year or as much oftener as the court shall require, make a report to the court showing the amount of money collected by them and the manner in which it has been expended. It is also provided that due notice shall be given on a hearing of the report and any objections thereto. The court has power upon failure of the commissioners to report to the satisfaction of the court, on the application of any person interested or without such application, to remove such commissioners from office. These sections also provide that the itemized accounts shall be audited by the county court and subject to its approval. It has been held that such drainage commissioners are officers of the court. *Hunt Drainage District v. Cole*, 283 Ill. 105.

It is argued very plausibly that the relationship of the commissioners in a hearing under sections 41 and 42 of this act is that of an administrator and his subordinates where the administrator requests a report from his subordinates and makes suggestions and amendments, and requires explanations; that the ordinary legal procedure is not followed in arriving at conclusions, and that such hearings are independent of the Change of Venue statute. The appellant cites in opposition to this position *People v. Scott,* 326 Ill. 327, which involved an inquest into the sanity of the defendant who had been sentenced to death for murder. It was held that such an inquest was a civil action and covered by the Change of Venue statute. This case is not in point. The better argument seems to support appellees' position that the venue statute could not be applied to the hearing upon the commissioners' report and objections.

However, we base our conclusion on firmer grounds. Section 9 of the Change of Venue Act provides that when there are two or more plaintiffs or defendants a change of venue shall not be granted unless the application is made by at least three-fourths of the parties. Here there were 20 objectors. Only four made the application for a change of venue, so that the petition failed for lack of the necessary signatures. *Tanner v. Clapp,* 139 Ill. App. 353; *Gourley v. Pierce,* 182 Ill. App. 609; *Ossey v. Retail Clerks' Union,* 326 Ill. 405. Appellant says that they subsequently obtained the requisite number of consents, but these were presented over two weeks after denial of the motion for change of venue, which was then too late.

A reading of the record justifies the action of the court in denying a change of venue. Judge Isley first sat in these hearings on December 28, 1934; various continuances brought the hearing to January 18, 1935, at which time the hearing was set for March 25th; on

that date, counsel for appellant stated that he could not proceed without the presence of the commissioners who had made the report and at his request the hearing was continued until March 28th; on that date the hearing commenced; all of the parties were present, the matter was discussed at length, counsel for the objectors stating his position; the court asked for evidence on the objections; counsel for the objectors then asked for a continuance; the court denied this, saying that the board of commissioners were present and that the matter had been in the court for months; at this point counsel stated that he wished to file a petition for a change of venue, saying that he had just become satisfied that the court could not give him a fair hearing.

It has been repeatedly held that where a court has already commenced a hearing and has by his rulings indicated his views, it is too late for the party against whom such rulings have been made to move for a change of venue. It would be improper for counsel to try out the attitude of a trial judge by questions and discussion and argument, and if the court was not in harmony with counsel's views to then assert that the court was prejudiced and that a change of venue must be allowed. This practice will not be countenanced. It is the established rule that after a trial of a cause has commenced or is about to be commenced, it is too late to grant a petition for a change of venue. *Hudson v. Hanson,* 75 Ill. 198. In *Richards v. Greene,* 78 Ill. 525, it was said that to allow a change of venue after a trial has commenced or is about to be commenced would lead to endless delay, is not authorized by the statute and cannot be encouraged. Other cases to the same effect are *Thompson v. American Horse Breeders' & Importers' Ass'n,* 114 Ill. App. 131; *Ford v. Ford,* 189 Ill. App. 468; *Epstein v. Fort Dearborn Motor Cartage Co.,* 207 Ill. App. 321.

For the reasons indicated the motion for a change of venue was properly denied. As the action of the

court on the motion for a change of venue is the only matter presented in appellant's points and argument, we have considered nothing else. The order denying the motion for a change of venue was proper and it is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.