Ostro, Inc. and Albert Ostro, Appellants, v. Boydston
Bros., Inc. et al., Appellees.

Gen. No. 42,918.

Opinion filed May 5, 1944. Rehearing denied May 19, 1944.

ALFRED M. LOESER and GEORGE YELLEN, both of Chicago, for appellants; HARRY D. CONNOR, of counsel.

McKINNEY, FOLONIE & GREAR, WM. E. GAINER and PHILIP R. TOOMIN, all of Chicago, for appellees; RICHARD G. RAYSA, of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

On September 19, 1941, Ostro, Inc., a corporation, and Albert Ostro filed their third amended complaint at law against Boydston Bros., Inc., Jessie Binsford, Newton J. Farr, John A. Sullivan, John M. Thomson, Allan L. Thatcher and Louise M. Bluhm. Amendments were filed on November 12, 1941. Plaintiffs allege that they were proprietors of a tavern at 4532 Cottage Grove avenue, Chicago. They asked damages for alleged unlawful acts of the defendants in connection with the revocation of the liquor license to operate the tavern. The action resembled an action for malicious prosecution. Defendants filed answers and plaintiffs filed replies. Plaintiffs in due time filed a demand for trial by jury. On April 22, 1943 the Executive Committee of the superior court of Cook county assigned Judge FRANK M. PADDEN to the call of common law calendar No. 4, on which the case at bar appeared, commencing Monday, April 26, 1943. The case was set for trial on this calendar for Monday, April 26, 1943. On Friday, April 23, 1943, the attorney for plaintiffs sent a notice to the attorneys for defendants that on Monday, April 26, 1943, he would appear before Judge PADDEN and move the court for a continuance in accordance with the affidavit attached. The affidavit, signed and sworn to by Albert Ostro, one of the plaintiffs, on April 22, 1943, stated that originally he was represented by Attorneys Albert Rosenbaum and Alfred M. Loeser; that Mr. Rosenbaum, who was actively in charge of the case, died on January 19, 1943; that a law clerk was employed by Mr. Loeser; that in January 1943, this clerk began actively to "participate and help" Mr. Loeser in the preparation of the case for trial; that the clerk made a careful, comprehensive study of the case and the issues involved and expected to actively participate in the trial; that the clerk is under the care of his physician for "multiple sclerosis"; that because of the disease he lost 15 pounds since January 1943; that his physician

instructed him to stop all employment; that he notified
Mr. Loeser that he would do so; that the clerk has
terminated his employment with Mr. Loeser to take ef-
fect as of April 24, 1943; that the clerk will do no
further work of any kind until he recovers; that he
will not be able to aid in the trial; that there are many
cases on Mr. Loeser's call to be watched; that the in-
stant case involves large sums of money with different
law firms representing eight defendants; that the trial
of the case will be long and the issues involved; that
the evidence to be introduced will be conflicting; that
owing to the "multiplicity of counsel" representing
defendants, it will be necessary that Mr. Loeser have
"some assistance" either by way of associate counsel
or by way of a law clerk; that it will be impossible for
him to try the case alone, serve subpoenas, notices, and
prepare instructions, "all of which affiant expected
the clerk to do"; and that the clerk "just now"
received this information from his physician and
imparted the same to Mr. Loeser. Affiant, on behalf
of plaintiffs, prayed that the cause be continued to
"the next term of court" so that it could be properly
tried on behalf of plaintiffs and so that the other causes
in which Mr. Loeser represented a client would not
suffer. Mr. Ostro (in the affidavit) further stated that
plaintiffs could not safely proceed to trial at that time;
that he knew of no other person who could so fully and
completely perform the services outlined; that Mr.
Loeser expects and believes he will be able to procure
further and additional "assistance" by the next term
of court; that the clerk "is not ill or terminating the
said employment through procurement, connivance or
consent either directly or indirectly"; and that the ap-
plication for continuance was not made for delay, but
that justice might be done.

On Monday, April 26, 1943, at the opening of court
in the morning, the motion for continuance was made
and the written motion and supporting affidavit were

filed. The court entered the following order: "It is hereby ordered that said motion be and the same is hereby denied and said cause is ordered to proceed to trial immediately, to which ruling plaintiffs by counsel duly except." The record shows that on April 26, 1943 Attorney George Yellen was granted leave to appear as additional counsel for plaintiffs. The ruling denying plaintiffs' motion for a continuance and directing that the case proceed to trial immediately, was made at 10:15 a. m. Plaintiffs and their attorneys immediately left the courtroom. They prepared a petition for change of venue and filed it in the clerk's office at 10:55 a. m. They then proceeded to the courtroom of Judge PADDEN and presented the petition for change of venue. The court entered the following order: "It is ordered that said motion be and it is hereby denied on the ground that it was presented after denial of motion for a continuance presented by plaintiff Ostro, Inc., and after case was ordered to trial and the jury sworn to answer questions on *voir dire*, to which ruling plaintiff excepts." The trial before the court and a jury lasted six days. It commenced Monday, April 26th, and continued until the following Friday, when it was recessed until Monday, May 3, 1943. At that time the court directed a verdict for the defendants and judgment was entered on the verdict. A motion by the plaintiffs for a new trial was overruled. Plaintiffs appeal.

In support of their request to reverse the judgment and to remand the cause with directions to the superior court to grant the petition for a change of venue and a new trial, plaintiffs urge that where a petition for a change of venue, regular in form and charging prejudice of the judge, is denied, subsequent proceedings are void and on appeal the judgment against the petitioner will be reversed without a consideration of the merits; that the trial court may not pass upon the truth of the allegations of prejudice; that it becomes

his duty to transfer the cause; that where a petition for change of venue charging prejudice of the judge is properly presented, the court may not consider whether or not the petition was filed for delay; and that where a proper affidavit has been filed asking for a change of venue because of the prejudice of a judge, such judge immediately loses all jurisdiction over the case, except to make the formal order transferring the case. Defendants assert that the petition for change of venue does not meet the statutory requirements. Section 9 of the Venue Act provides that where there are two or more plaintiffs or defendants a change of venue shall not be granted unless the application is made by or with the consent of at least three-fourths of the parties, plaintiff or defendant, as the case may be. The petition in this case was made by the corporation by Albert Ostro, the other defendant, as its president. The individual plaintiff also made the affidavit to the petition. The record shows that the application was made by the corporation with the consent of the individual. The parties and the trial court so recognized at the time the motion for the change of venue was denied.

The case was pending almost three years. It was set for trial before Judge PADDEN for Monday, April 26, 1943. The previous Friday plaintiffs served notice on the attorneys for the defendants that they would request a continuance. They knew that on Monday the case would appear on the call of Judge FRANK M. PADDEN. On Monday morning when they made their motion for a continuance they did not consider that Judge PADDEN then was or would be prejudiced. They were willing that he pass on their motion for a continuance. He entered the order denying a continuance. They then left the courtroom and proceeded to prepare their petition for a change of venue. They did not, however, inform Judge PADDEN that they were going to prepare a petition for a change of venue, or ask that

they be granted time in which to prepare such a petition. When the motion for a continuance was denied, plaintiffs, and their attorneys, knew that the next step would be the selection of a jury to try the case. Judge PADDEN directed that the case be tried immediately. The veniremen were placed in the jury box and sworn to tell the truth in their answers to questions on the *voir dire*. When the attorneys for plaintiffs returned to Judge PADDEN's courtroom at 10:55 a. m., having been absent 40 minutes, the case was on trial. In the case of *In re Wheeling Drainage Dist. No. 1,* 282 Ill. App. 565, the court said (568):

"It has been repeatedly held that where a court has already commenced a hearing and has by his rulings indicated his views, it is too late for the party against whom such rulings have been made to move for a change of venue. It would be improper for counsel to try out the attitude of a trial judge by questions and discussion and argument, and if the court was not in harmony with counsel's views to then assert that the court was prejudiced and that a change of venue must be allowed. This practice will not be countenanced. It is the established rule that after a trial of a cause has commenced or is about to be commenced, it is too late to grant a petition for a change of venue. *Hudson v. Hanson,* 75 Ill. 198. In *Richards v. Greene,* 78 Ill. 525, it was said that to allow a change of venue after a trial has commenced or is about to be commenced would lead to endless delay, is not authorized by the statute and cannot be encouraged. Other cases to the same effect are *Thompson v. American Horse Breeders' & Importers' Ass'n,* 114 Ill. App. 131; *Ford v. Ford,* 189 Ill. App. 468; *Epstein v. Fort Dearborn Motor Cartage Co.,* 207 Ill. App. 321."

We are of the opinion that the remarks of the court in the *Wheeling* case are applicable to the instant case. The prejudice asserted against Judge PADDEN appar-

ently arose at the time he ruled adversely to the motion of plaintiffs for a continuance. However, plaintiffs or their attorneys, gave no outward manifestation of their intention to ask for a change of venue and the court did not know that they had such intention until their return 40 minutes later. At that time the case was on trial. We are satisfied that the court did not err in denying the petition for a change of venue.

Plaintiffs assert that the discretion of the trial judge to grant continuances must not be exercised absolutely, arbitrarily or capriciously; that such discretion must be exercised in accordance with fixed legal principles and with the view to promoting substantial justice; and that the fact of the death of the plaintiffs' associate counsel, who was the leading counsel in the case, should have been considered by the court and acted upon in passing on the motion for a continuance. The affidavit shows that Mr. Rosenbaum died in January, three months before the trial. The clerk who assisted Mr. Loeser after the death of Mr. Rosenbaum became ill and was leaving the employment of Mr. Loeser the Saturday before the trial was to commence. This case had been pending for almost three years. Mr. Loeser is an able and experienced lawyer. He was in the case from the beginning and was well acquainted with it. After the death of Mr. Rosenbaum he had three months in which to procure another attorney as an associate in the case. In our opinion the record does not show that the trial judge abused the discretion vested in him for the granting of a continuance, and his ruling was not arbitrary or capricious. The motion to dismiss the appeal, taken with the case, is overruled. Because of these views the judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

HEBEL, P. J., and KILEY, J., concur.