Ruby Bertram, Plaintiff-Appellee, v. Frank Bertram, Defendant-Appellant.

Gen. No. 9,794.

Opinion filed March 11, 1952. Rehearing denied May 6, 1952. Released for publication May 6, 1952.

CHAPIN & CHAPIN, of Springfield, for appellant; JOHN R. CHAPIN, of Springfield, of counsel.

WILLIAM R. BACH and WILLIAM J. BACH, both of Bloomington, for appellee.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This is a suit for separate maintenance, heard in the circuit court of McLean county. The decree entered provided for separate maintenance; ordered certain personal property restored to the plaintiff; awarded the custody of the minor children to the plaintiff and ordered the defendant to pay to the plaintiff the sum of $250 per month for the support of plaintiff and the children during the minority of the children. The decree further ordered the defendant to furnish for the use of the plaintiff, the lower apartment of their home at No. 1203 East Jefferson street in Bloomington, Illinois, rent free, and ordered that the defendant maintain said residence for the use of the plaintiff and the children, keeping it in proper and reasonable repair, paying for all utilities and furnishing necessary heat, which should include the furnishing of fuel, heating equipment, and the wages of any person employed in the operation of said heating equipment. It ordered the defendant to furnish such furnishings for the premises as may be necessary to provide for the care of the children; gave to the plaintiff exclusive use of the furnishings, furniture and equipment of the premises occupied by her and ordered that the defendant pay the costs of the proceedings, including an attorney's fee of $250 to be taxed as costs. From that decree the defendant appeals to this court.

The parties were married on December 20th, 1928. There were three children born to the union, of which two survive, both minors. The parties lived together as man and wife until about June 5, 1950. After that time, the defendant moved into the apartment upstairs, put up a partition between the downstairs where the wife lived, and the upstairs, where the husband lived, and since that time they have lived apart, each in his or her apartment, although under the same roof, with the same furnace, and the defendant has

316

. paid for the utilities, the heat, the groceries and other expenses. Most of the facts as to the living apart are not disputed by either party. The defendant admitted in his testimony that he was living apart from his wife, but justified it on the ground that his wife nagged at him, and requested him to get out, and that she consented to the separation. That is denied by the plaintiff, who says that the husband wanted a divorce and wanted her to get out and that she refused a divorce and told him that if anyone got out he should be the one to get out. The charges of the wife as to acts of the defendant are denied by the defendant and most of the charges of the husband as to acts of the wife, are denied by the plaintiff.

The defendant assigns ten errors and for the purpose of this case, they can be grouped as follows:— (a) That where a husband is supporting and maintaining his wife, and the family, separate maintenance cannot be maintained. (b) That the wife consented to the separation. (c) That the wife was at fault. (d) That they were not living separate and apart. (e) That it was error to require the defendant to maintain the home and pay the expenses of the wife and family, and to enjoin the defendant from interfering with or molesting the defendant in her separate use of the residence.

 Chapter 68, section 22, Illinois Revised Statutes [1949; Jones Ill. Stats. Ann. 109.189], in part says: ''That married men or women, who without their fault, now live or hereafter may live separate and apart from their wives or husbands, may have their remedy in equity, in their own names, respectively, against their said wives or husbands in the Circuit court of the county where the wife or husband resides, for a reasonable support and maintenance while they so live or have so lived separate and apart.''

This language is plain and unequivocal. The purpose is to provide for married women, who, without their fault, now live separate and apart from their husbands, a reasonable support and maintenance while so living separate and apart. We do not think this means that it is solely for the husband to say how much and what the wife should have for her reasonable support. If the wife is living separate and apart, without fault, even though the husband is providing groceries, fuel, and utilities, if the separation is the direct act of the husband, a court of equity, upon application has the power to decree the amount of support necessary and proper for her support. To hold otherwise would be to subject the wife to the whims and caprice of the husband as to what kind of food she should have, how much, the amount of heat she should have in the home and would make him the judge of what was necessary and proper. In *Pearsons v. Pearsons,* 282 Ill. App. 92, cited by the defendant, the court there said: ''The purpose of the separate maintenance act . . . was to provide for married women 'who without their fault, now live or hereafter may live separate and apart from their husbands . . . a reasonable support and maintenance while they so live or have so lived separate and apart.' '' We think the determination of what is reasonable support and maintenance is a proper matter for a court of equity to determine, when asked to, rather than for the determination of such matter by the husband who is living apart from his wife. The very fact that he is living apart, imports a disagreement and the judgment of the court would be much more apt to be proper than the judgment of the husband. In the case of *Will v. Will,* 134 Ill. App. 67, which is also cited by the defendant, the facts are somewhat different. There the parties were still living together when the suit was started. The court there held that the suit was not proper where the parties

were not living separate and apart and the husband was providing for the wife. We cannot at this time know whether the court considered as the reason for reversal, the fact that they were still living together when the suit was instituted or not, but here the parties are actually and were actually living apart. It is apparent the facts are not the same. Again we are faced with the language of that case, where the court said that support should be according to their condition in life. Who shall determine this matter, the husband who has left his wife, or the court? We think it is clearly the province of the court to take action in such a matter where the wife complains and it appears that the living apart is not the fault of the wife.

■ The point is made that the wife consented to the separation in this case. This is vigorously denied by the wife and we do not see fit to disturb the findings of the trial court on this point.

■■ The defendant contends that the separation was the fault of the plaintiff. The testimony discloses that the wife is ill of an incurable disease; that she spent two years in a hospital, requires constant attention and is barely able to get about, most of the time. The evidence shows that she has at times quarreled with her husband, apparently has nagged at him and on one or two occasions, threw some small object at him. Whether this is sufficient justification for him to move into another apartment, closing up the passage between his apartment and hers, and living apart from his sick wife is a disputed matter. Certainly in her condition, some allowance should have been made for ill temper and petty quarreling. While the conditions in the home may not have been pleasant, we do not think there was sufficient justification for the husband to move out as he did in this case. The fact that the wife was not wholly blameless would not deprive her of her right of separate maintenance. *Ford*

319

*v. Ford,* 189 Ill. App. 468; *Judd v. Judd,* 169 Ill. App. 21; *Finch v. Finch,* 160 Ill. App. 639; *McCarthy v. McCarthy,* 219 Ill. App. 369. In the *Judd* case *supra,* the court said: "While appellee's conduct towards appellant has not been free from censure, yet upon a consideration of all the proofs we cannot say that the court below was not authorized in giving a decree in her favor." In this case, we do not believe this court would be justified in overruling the decree entered by the lower court.

■ We do not think there can be much question as to the living apart. The fact that there was one common furnace, one common roof, would not change the evident establishment of two separate and distinct residences or apartments. Here the husband had by his own action, closed up the connecting way between the two apartments. There were separate entrances and there was no way to go from one to the other, except by the outside entrances. If the common roof and common source of heat could be considered as the sole criterion, then a modern apartment building would be considered one home. Common sense would tell us otherwise.

■ The action of the court in enjoining the defendant from interfering with or molesting the plaintiff in the enjoyment of and use of the apartment set aside for her and the requirement of keeping it up, is plainly within the jurisdiction of a court of equity to enforce its decree. The power to enter any decree carries with it the right to enforce it.

■ The lower court heard the evidence and entered the decree. There would have to be a clear showing of error to justify this court in disturbing it. We find no such clear showing of error. The decree of the circuit court is correct and should be affirmed.

*Affirmed.*