MARY HALEY *et al.*

*v.*

THE CITY OF ALTON.

*Filed at Mt. Vernon June 19, 1894.*

1. SPECIAL ASSESSMENT—*time when council orders petition filed, immaterial.* An order to file the petition to confirm a special assessment, upon the filing of the commissioners' report, may be included in the same ordinance which provides for the appointment of commissioners, and need not be reserved until after the commissioners make their report.

2. SAME—*sufficiency of petition.* Where the ordinance authorizing an improvement provides that the same shall "conform to the respective established grades of said streets as now established by ordinance," etc., the petition to confirm will be sufficiently definite although it does not set out in full the ordinance which is so referred to and which fixes such grades.

3. SAME—*paving three streets under one ordinance.* An ordinance for the paving of three streets, in one general improvement, the pavements being of different widths, which describes the width of each pavement, and under which the committee makes separate estimates of cost, is not void for inequality, as making the different streets one continuous frontage, and requiring the same assessment per front foot for all.

4. CHANGE OF VENUE—*must be applied for in apt time.* After the county court in which a petition to confirm a special assessment is filed, has heard all of the case and decided most of the objections; it is too late to demand a change of venue, even if the case were one in which a change could be taken.

5. EVIDENCE—*as to quality of work not proper.* The law has invested the city authorities with the province of judging as to the quality of work in a public improvement, and their action, unless shown on bill for injunction to be fraudulent, is conclusive upon property owners. On the trial of a petition to confirm a special assessment, evidence as to quality of work is properly excluded.

APPEAL from the County Court of Madison county; the Hon. W. H. KROME, Judge, presiding.

Mr. ALEXANDER W. HOPE, for the appellants.

Mr. JOHN F. McGINNIS, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the court :

This was a proceeding in the county court of Madison county, to confirm a special tax for the improvement of Belle, Third and State streets, in the city of Alton. Objections filed by the appellants were overruled, and judgment entered confirming the assessment roll returned by the commissioners, and objectors appeal. A great many grounds of reversal are urged. We shall notice only those which we regard of substantial importance.

The objection to the notice by the commissioners of the assessment, and that certain property was not listed on the assessment roll in the proper name of the owners, is, we think, without merit, especially after appearance. *Murphy* v. *City of Peoria,* 119 Ill. 509 ; *Walters* v. *Town of Lake,* 129 id. 23 ; *Quick* v. *Village of River Forest,* 130 id. 323 ; *White et al.* v. *City of Alton,* 149 id. 626.

The second point made is, that the city council, after the passage of the ordinance, did not order a petition filed in the county court of Madison county, as required by statute. Section 5 of the ordinance provides : "Upon the filing of the report of said C. A. Herb, D. Ryan and William Armstrong, (commissioners appointed to estimate the cost of the improvements,) as hereinbefore required, and the approval thereof by the city council, the corporation counsel is hereby directed to file the proper petition in the county court of Madison county." There was therefore an order to file the petition.

But it is contended that section 5 should not have been in the ordinance, and that the order to file the petition should have been made after the report of the commissioners estimating the cost, and that being made before that report, the county court had no jurisdiction to order the special tax levied. The time when the order was made is not, that we can see, of controlling importance. The ordinance ordered that the petition should be filed after the report of the estimate had been filed and approved, and even if such an order was necessary

to give the court jurisdiction, we think that the order here given should be regarded as sufficient.

The next point made is, that the petition does not recite the whole ordinance,—that is, that it should set out the ordinance fixing the grade of the streets to be improved. The ordinance authorizing this improvement provides that it shall "conform to the respective established grades of said streets as now established by ordinance of said city of Alton;" and the claim, as we understand, is, that the ordinances fixing the grades of the streets involved should have been set out in the petition. In support of this claim the case of *Ogden* v. *Town of Lake View*, 121 Ill. 422, is cited. An examination of that case will disclose that the ordinance there in question was for the purpose of constructing and maintaining a connected system of sewers in and along certain streets, and the ordinance set out in the original record did not sufficiently describe the man-holes and catch-basins. In reference to the question presented in this case we used the following language : "In the view we take of the case it is unnecessary to express any opinion upon the question whether an ordinance providing for the construction of a local improvement like the present will be sufficient which merely refers to some other ordinance for a description of the nature and character of the improvement, for, conceding that would be a substantial compliance with section 135, above referred to, still we do not think the judgment in the present case can be sustained upon that theory."

The object of requiring a description of the improvement is that an intelligent estimate of the cost may be made, and we have frequently held that if the ordinance so specifies the location, character and description of the work that a committee can make such an estimate, it is sufficient. Where the grade or city datum is fixed by ordinance, it is sufficient to refer to that grade or city datum, without setting forth the ordinance establishing

it. (*White et al.* v. *City of Alton, supra.*) The commission-
ers or committee estimating the cost of the improvement
will in such case take notice of that established grade,
as they would of streets or intersections established by
other ordinances. We think the ordinance as set out in
the petition fully complies with the requirement of the
statute. The nature of the improvement is permanent,
the material to be used brick, and the locality, the
streets, named, with a perfect description as to how the
work is to be done. By reference to a grade already
established it also shows just what the grade of the
pavement is to be.

The improvement contemplates three streets, viz.,
Belle street, the paving on which is thirty feet in width,
Third street, fifty-eight and one-half feet in width, and
State street, fifty-six feet in width. Counsel contend
that the three streets are by the ordinance thrown into
one improvement and make one continuous frontage,
and for that reason a property owner having twenty-five
feet frontage on Third street, the paving on which is
fifty-eight and one-half feet wide, can only be charged
the same amount as the property owners owning twenty-
five feet frontage on Belle street, the paving on which
is thirty feet wide, because Belle, Third and State streets
are made one whole and continuous frontage, and the
property owners on each must be assessed, per front
foot, the same. We do not agree with this view of the
case. The ordinance described the width of each street,
and the committee made a separate estimate for each,
and that estimate was according to the width of the
respective streets. The improvement is one and the
same, but it does not follow that each piece of property
fronting on the different streets should pay the same
amount per foot. It is competent for a city to include
more than one street in a local improvement of this
kind, and the fact that the streets are of different widths
does not affect that right. (*City of Springfield* v. *Green,*

120 Ill. 269; *County of Adams* v. *City of Quincy*, 130 id. 566.)
In *Wilbur* v. *City of Springfield*, 123 Ill. 395, this court held
that it was not necessary to state the width of the street
in the ordinance, as that could be easily ascertained.
The cost of the improvement of Belle street will be
less than the cost of the improvement of Third street,
for the reason that the paving on Belle street is only
thirty feet wide and the paving on Third street is fifty-
eight and one-half feet wide, and all of the lots on Belle
street are assessed lower than the lots on Third street,
which is fair and just to all parties. In *Lightner* v. *City
of Peoria*, 150 Ill. 80, which was a case of special taxa-
tion, we said, on page 90: "No reason is apparent why,
where an improvement of an entire street benefits the con-
tiguous property, upon different parts of it, in unequal
proportions, the city council, in the exercise of their dis-
cretion, may not divide the improvement, so as to secure
practical uniformity in the distribution of the burden."
We think this objection is without force.

It appears that on the 22d day of February, 1892,
appellants filed their objections in the county court to
the assessment roll, and on that day the same were
heard by the court and taken under advisement. On the
12th of March all of the objections, (some thirteen in
number,) except such as it was proper to submit to a
jury, were overruled, and the further hearing as to those
objections that were to be submitted to a jury was set
for trial on March 31, 1892. On the 29th of March the
objectors, by their attorneys, served on counsel for the
city a notice for a change of venue. On the 31st of
March the said objectors made an application to the
court for a change of venue, which was refused. It is
contended by counsel for appellants that the refusal of
the application is ground for reversing the judgment
below. The position is not tenable. After the court
had heard all of the case and decided most of the objec-
tions it was too late to demand a change of venue, even

if the case is one in which a change could be taken. *Hudson* v. *Hanson*, 75 Ill. 198.

It is also contended that the county court erred because it would not permit objectors to prove that the improvement had not been made as required by the ordinance. The law provides how the contracts shall be let, the manner of payment and who shall be the judge as to whether the contract is complied with. In this case the work had been accepted by the city council. Who shall be the judge of whether the contract is complied with? Certainly not each individual property owner, because to so hold would not only be a violent construction of the statute, but render the making of all local improvements impracticable. The law has invested the city authorities with that power, and unless there is a fraudulent abuse of it their action is conclusive upon the property owners, and if their action is to be reviewed for fraud, it must be done by bill in equity. On this question this court, in the case of *Ricketts* v. *Village of Hyde Park*, 85 Ill. 110, said: "The objection, if tenable, should have been brought forward by bill for injunction before the work was completed. It is not admissible now, when the work has been completed in that way without objection on the part of appellant." In Cooley on Taxation, 468, it is said: "It is no defense to an assessment that the contract for the work was not performed according to its terms. The proper authorities must decide upon this, and if they accept the work, the acceptance, in the absence of fraud, is conclusive." And in *State* v. *Jersey City*, 29 N. J. 441, it is said: "The pretext that the taxpayer shall avoid the payment of his assessment because the funds are injudiciously applied, is the worst form of repudiation."

We have reached the conclusion that there is no reversible error in the rulings of the county court. Its judgment will therefore be affirmed.

*Judgment affirmed.*