The People of the State of Illinois, Defendant in Error, v. S. F. Ayers, Plaintiff in Error.

Gen. No. 8,207.

Opinion filed July 2, 1928.

WILLIAM E. ISLEY, for plaintiff in error.

EVERETT CONNELLY, State's Attorney and H. J. BUXBAUM, Special State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

The plaintiff in error, S. F. Ayers, on the 7th day of August, 1927, attended the Old York reunion in Clark county with his family. He went to the reunion by automobile and got there in the evening of the same day. He parked his automobile, and he and his family

proceeded to the grounds where the reunion was held. Later in the evening an automobile license inspector, in company with a deputy sheriff, "inspected" the plaintiff in error's car and discovered bottles under the front seat, which were apparently filled with some kind of liquor. This was reported to the sheriff, who thereupon came out and searched the automobile and found seven pint bottles containing liquor under the front seat of the plaintiff in error's car. The search was made without any search warrant, and the plaintiff in error was placed under arrest after the search of his car and his car was seized by the sheriff, and he was taken to the county seat; subsequently an information was filed by the state's attorney in the county court of Clark county, charging him with illegal possession of intoxicating liquor, and of unlawful transportation of the same. The case was set for trial for the 15th day of September, 1927. Before the trial, plaintiff in error filed a petition to impound the bottles of liquor seized and exclude the evidence which had been procured by the illegal search made of his car; that it was an unreasonable search and an invasion of his constitutional rights. The court denied the prayer of the petition. A motion was also made by the plaintiff in error to quash the information, which was overruled. Thereafter, however, an amended information was filed charging the plaintiff in error with the unlawful possession of intoxicating liquor for the purpose of sale. On the day the case was set for trial, the plaintiff in error made a motion for continuance on the ground of the absence of material witnesses, whose evidence was set out in affidavits filed with the motion. The court denied the motion for a continuance. Thereupon the plaintiff in error filed a motion for a change of venue on account of alleged prejudice of the judge of the court, which motion was supported by the affidavits of two citizens of Clark County. This motion was also denied; the case thereupon proceeded

to trial. The trial of the case resulted in the following verdict: "We, the undersigned jurors, find the defendant guilty of possession of intoxicating liquor and no more." Upon this verdict the court rendered judgment, sentencing the defendant to five months' imprisonment on the Illinois State Farm at Vandalia. A writ of error is now prosecuted from the judgment.

A number of errors are assigned. It is insisted that the court erred in refusing to grant the prayer of the petition to impound and exclude the evidence procured by the sheriff in searching plaintiff in error's car, because the search was made without a warrant and was an unreasonable search, and therefore a violation of the constitutional rights of the plaintiff in error, and in derogation of section 6 of article 2 of the State Constitution. It is sufficient to say concerning this contention, that it involves a constitutional question which this court is without jurisdiction to determine.

Error is also assigned on the refusal of the court to grant a change of venue on account of alleged prejudice of the presiding judge of the court. It is clear however from the record that this motion was not made until the beginning of the trial, and there is no showing by the plaintiff in error when he discovered the fact of the prejudice alleged; the petition was therefore properly denied. But the record shows that the trial of the case proceeded without any plea of not guilty entered by the defendant, and there was no issue for trial. A plea of not guilty is essential to constitute an issue to be tried in a criminal case whether the offense charged is a misdemeanor or a felony. *People v. Kennedy,* 303 Ill. 423. In every case before a verdict can be sustained, the record must show that an issue was made by a plea of not guilty. *People v. McCarthy,* 176 Ill. App. 499; *People v. Hughes,* 226 Ill. App. 135.

Another error which is assigned concerns the argument of the State's attorney because of inflammatory and prejudicial references made therein to the plaintiff in error. The record discloses that the State's attorney, in the course of his argument, said: "There isn't a bit of evidence in this record to show that the defendant is innocent. * * * I say this man is a bootlegger. There is no doubt that he is a bootlegger. * * * Are you going to allow a high-class lawyer to come up here from another county and free a man who is guilty of transporting intoxicating liquor, on a few technical points of law? You but mock the officials of the law * * *. This gentleman has never appeared on the witness stand. * * * He did not have any right to come here without putting any witnesses on the stand. It there any question of doubt in your mind? If there is, for God's sake, speak up and tell me what it is. Is that intoxicating liquor? What kind is it? No man can look into that bottle without seeing death staring at him. A man that will go over Clark county, that will sell this to your children, your sons and daughters— * * *. You would repudiate the judge that sits on the bench at all of these trials if you acquitted this man. Gentlemen of the Jury, you certainly will not betray the interests of the tax payers of Clark county in any such manner. * * * You don't want to go home and tell your wife or your children, that you have turned loose a bootlegger over Clark county. * * * This bootlegger, the least that I can call him, came up from another county and came to this county and rode over this county selling whiskey."

The record does not disclose any evidence that the plaintiff in error was a bootlegger, or that he ever sold or attempted to sell any whisky in the county. The remarks of the State's attorney were clearly reprehensible and without legal justification. The fact that he referred to the failure of the plaintiff in error to go on the stand and testify, or to produce any witnesses to

establish his innocence was in and of itself reversible error.

Another error assigned relates to the verdict of the jury. It will be noticed with reference to the verdict of the jury that they find the defendant guilty merely of having possession of intoxicating liquor, which is not necessarily an offense or violation of the Prohibition Act, Cahill's St. ch. 43. The jury did not find the plaintiff in error guilty or not guilty of the offense charged in the information, and the facts stated in the verdict do not contain the essential elements of the crime charged in the information. *People v. Barnes*, 314 Ill. 140. The verdict was insufficient to base a judgment of conviction upon, and to sentence the plaintiff in error for the crime charged. *People v. Bain*, 279 Ill. 206.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*