Carl H. Flassig and Bertha Flassig, Appellants, v. Henry C. Newman and Martha Newman, Appellees.

### Gen. No. 42,316.

Opinion filed March 2, 1943.

MEYERS & MEYERS, of Chicago, for appellants; BEN MEYERS and HART E. BAKER, both of Chicago, of counsel.

WALTER F. BRIODY, of Blue Island, for appellees.

MR. JUSTICE FRIEND delivered the opinion of the court.

Plaintiffs appeal from a judgment of the superior court in favor of defendants on the merits of the cause, and also from several orders entered in the course of the proceeding which were adverse to plaintiffs, including a denial of their petition for a change of venue.

The cause was initiated by the filing of a complaint in forcible entry and detainer May 28, 1941, in which plaintiffs sought possession of a strip of land some 135 feet long and varying in width from 2 feet 7⅝ inches to 3 feet 1 inch. Defendants' answer denied making any entry on the premises, and they averred that the question in dispute was the proper location of the boundary line to the property, that it would be necessary to adjudicate the titles of the parties and to locate the proper boundary lines between their properties, that the court did not have jurisdiction to try questions of title or to determine boundaries in a suit in forcible entry and detainer, and asked dismissal of the complaint.

July 8, 1941, plaintiffs served notice on defendants to have the cause placed on the nonjury calendar assigned to Judge FRANCIS ALLEGRETTI. When the case was reached on the regular trial call November 19, 1941, plaintiffs' counsel made an opening statement, and thereupon the opposing attorney called the court's attention to the fact that the question in issue was one of title and disputed boundary lines, which could not be tried in an action of forcible entry. Thereafter both sides submitted authorities to Judge ALLEGRETTI, who held that under the pleadings the proper remedy was an action in ejectment or a suit in chancery, and that if it appeared that questions of boundary and title were involved, the court would be obliged to hold

against plaintiffs in the forcible entry action; and it was suggested by the court that plaintiffs amend their complaint to an action in ejectment. Plaintiffs' counsel declined to follow the court's suggestion and said that he wanted to proceed with his proof under the complaint in forcible entry. This request was granted, and plaintiffs thereupon introduced in evidence a written demand for possession and a certified copy of a plat showing the location of the respective properties. Certified copies of various conveyances in the chain of title of the two parcels were also offered in evidence, but the court sustained objections to their admissibility on the ground that those documents involved questions of title. One of the plaintiffs was then called to the stand, and in the course of his direct examination was asked several questions relating to adverse possession of the premises by plaintiffs and their predecessors in title. Objections to these questions, on the ground that they were designed to elicit testimony showing legal title by adverse possession and that the question of title could not be litigated in the forcible entry suit, were likewise sustained. Plaintiffs' counsel then stated to the court that he could not proceed and asked leave to follow the court's suggestion to file an amended complaint in ejectment. That request was granted, and the cause was removed from the trial calendar to be brought up on notice, and at the same time plaintiffs had leave to file an amended complaint, to which defendants were to plead or answer in due course. Subsequently November 24, 1941, plaintiffs filed their amended complaint and on November 26 moved for the entry of an order requiring defendants to plead thereto. Defendants' counsel called the court's attention to the fact that the amended complaint consisted of a count in ejectment and another count which was an exact repetition of the original complaint in forcible entry and detainer, and in his brief commented on the impropriety of re-

peating the allegations of the original complaint which had been withdrawn at the prior hearing on plaintiffs' request to file a complaint in ejectment. The court said that in view of what had occurred at the trial on November 19, he was of opinion that the forcible entry action was not properly in the case, and that if plaintiffs had included the same claim in forcible entry as a count in their amended complaint, he would be obliged to find against them on that count because he had already determined that question; and accordingly an order was entered requiring defendants to plead or answer to the amended complaint within 10 days.

Six days thereafter plaintiffs presented their petition for change of venue, alleging that they believed and feared they would not receive a fair trial before Judge Allegretti and 13 other judges named in the petition, on ground of prejudice. When the petition was presented on December 2, an order was entered allowing defendants 10 days to answer the petition, which was thereupon set for hearing January 9, 1942. In the interim defendants filed their answer to the petition, wherein they related the proceedings had in the cause, and averred that it had been partially tried on the issue of forcible entry, that the question of the propriety of the forcible entry suit had been argued before the court, that the judge had indicated by his statements and rulings on evidence that legal title and boundary lines were involved, and that forcible entry was not the proper remedy; also that after the court had indicated its rulings, plaintiffs asked for and had leave to withdraw their complaint in forcible entry and to file an amended complaint in ejectment; and that the amended complaint subsequently filed by plaintiffs contained a count in ejectment and another count which was identical with the original complaint in forcible entry, following which the petition for change of venue was presented. Upon presentation of

the answer, the court found that plaintiffs were not entitled to a change of venue and denied their petition.

About a month before the entry of that order defendants had filed a motion to strike the amended complaint on the ground that the original complaint in forcible entry had been partially tried, that the plaintiffs during that trial had been granted leave to withdraw their complaint and to file an amended one in ejectment, and that count 2 of the amended complaint was identical with the original complaint in forcible entry, and also contrary to the conditions under which plaintiffs were granted leave to file their amendment. The motion to strike was heard January 13, 1942, pursuant to due notice, and an order was accordingly entered dismissing the complaint as to count 2 and granting defendants leave to answer count 1 within 10 days. Defendants complied with the order by answering count 1, and they filed a notice to place the cause on the nonjury calendar. The case was set for trial March 9, 1942, and when it was reached on that day defendants introduced evidence which resulted in the judgment in their favor, from which plaintiffs appeal. Plaintiffs' counsel said on oral argument that they knew the cause was on hearing but stayed away from court and did not participate in the proceeding because they did not wish to try the cause before Judge ALLEGRETTI and were of opinion that if they did not appear, the court had no alternative except to dismiss the case for want of prosecution; and that if they proceeded to trial, it would have constituted a waiver of their right to have the cause removed under their petition for change of venue on ground of prejudice.

After the suit had been determined, plaintiffs on March 18, 1942, presented their motion to vacate and set aside the judgment against them and all proceedings subsequent to December 2, 1941, on the ground that it was error for the court to proceed further after the filing of the petition for change of venue. De-

fendants filed an affidavit in opposition to that motion and March 20, 1942, plaintiffs' motion was denied.

The following day plaintiffs moved to vacate the order of March 20, and were granted leave to file an affidavit in support of their motion. On March 24 the matter was heard and the motion was denied. On March 21 they also moved to amend the judgment of March 9 so as to make the order recite that the case was dismissed for want of prosecution, and in support of the motion they presented their affidavits and that of one of their attorneys, in each of which it was alleged that neither of the plaintiffs nor their attorneys were in the courtroom on March 9, 1942, that no evidence was offered in their behalf and no effort was made by them, or anyone in their behalf, to prove or sustain the allegations of the amended complaint. On March 24 that motion was also heard and denied.

It is first urged as ground for reversal that the court erred in denying plaintiffs' petition for a change of venue, and that all proceedings had subsequent thereto were therefore void. The form and verification of the petition for change of venue were not questioned in the trial court, and the only question presented is whether the motion was made in apt time. The rule is well settled that "where a court has already commenced a hearing and has by his rulings indicated his views, it is too late for the party against whom such rulings have been made to move for a change of venue. It would be improper for counsel to try out the attitude of a trial judge by questions and discussion and argument, and if the court was not in harmony with counsel's views to then assert that the court was prejudiced and that a change of venue must be allowed. This practice will not be countenanced. It is the established rule that after a trial of a cause has commenced or is about to be commenced, it is too late to grant a petition for a change of venue." *In re Wheeling Drainage Dist. No. 1,* 282 Ill. App. 565, and numerous cases cited therein.

The petition for change of venue in the case at bar was filed too late in the proceeding; the cause had been partially heard, and the court had stated his opinion upon proof sought to be adduced, and indicated what his decision would be. It is argued by plaintiffs, however, that when the petition was filed the cause was not at issue because their amended complaint was on file and defendant had not pleaded thereto. Technically this is a correct statement, but the case had been at issue and on trial when plaintiffs asked leave to withdraw their forcible detainer action, and after such leave was granted they filed the amended complaint in which they retained the count on forcible detainer, upon which the court had already ruled, and then applied for a change of venue while the amended complaint containing that count was still before the court. Under the circumstances we think the court properly ruled that the cause had been partially heard, and that the petition was not made in apt time. Plaintiffs' counsel cite numerous cases holding in effect that a petition for a change of venue, in proper form and made in apt time, is a substantive right and admits of the exercise of no discretion. The authorities cited hold that the trial judge has no right to pass judgment upon the truth of the facts stated in the petition or upon the allegation of prejudice. These are undoubtedly correct statements of the law, but they have no application to the case at bar. Defendants' answer raised no issue as to the form and verification of the petition, but merely set out the prior proceedings to show that the application was made too late. The court's ruling sustained this contention, and the order denying the petition for change of venue was amply justified by the record of the proceedings before the petition was presented.

The other question presented is whether plaintiffs can insist upon a nonsuit or a voluntary dismissal without compliance with section 52 of the Civil Practice Act, Ill. Rev. Stat. 1941, ch. 110, par. 176 [Jones

Ill. Stats. Ann. 104.052]. Because of their reluctance to have the cause tried by Judge ALLEGRETTI, evidently in view of his adverse ruling on the numerous motions presented, plaintiffs absented themselves from the courtroom and refused to participate in the hearing of the cause when it was reached for trial on March 9. They admit that they relied on their present contention that the court had no alternative except to dismiss the suit for want of prosecution, if they failed to present any evidence in support of their amended complaint; and they also say that it would have prejudiced their right to argue that the court erred in denying their motion for a petition for change of venue, if they had proceeded to trial. This is but another way of asserting that they were entitled to insist upon a nonsuit, which would have enabled them to file a new proceeding, and thus avoid the necessity of standing trial before Judge ALLEGRETTI. The contention made overlooks several important considerations. First of all, plaintiffs made no motion to dismiss their action without prejudice; they gave defendants no notice nor indication that they desired a dismissal; and they did not pay the costs. Section 52 of the Civil Practice Act provides: ''The plaintiff may, at any time before trial or hearing begins, upon notice to the defendant or his attorney, and on the payment of costs, dismiss his action or any part thereof as to such defendant, without prejudice, by order filed in the cause. Thereafter he may dismiss, on the same terms, only (1) upon filing a stipulation to that effect signed by such defendant, or (2) on the order of the court or judge made on special motion in which the ground for such dismissal shall be set forth and which shall be supported by affidavit. After a counterclaim has been pleaded by a defendant no dismissal may be had as to him except by consent of the defendant.'' Plaintiffs evidently sought to avoid the requirements of notice and payment of costs by refusing to partici-

pate in the trial, and it is their contention that under those circumstances the court had no power to do anything except to dismiss the case for want of prosecution. It is fair to assume that if they prevail upon this appeal, they intend to file another suit, and the question is whether they should be permitted to employ such means to avoid trial before a judge by whom the proceedings have already been partially tried.

Under section 70 of the old Practice Act, plaintiff was permitted to take a nonsuit after the case had been heard by the court before it was submitted for final decision, and this often made the administration of justice a mere travesty. Evidence was frequently taken in cases over a period of time by both sides, following which counsel would argue the cause at length, and if during the argument, from what the court had intimated, it appeared that he was inclined to decide in favor of defendants, plaintiff had the absolute right to take a nonsuit. As indicated by the court in *Chicago Title & Trust Co. v. Cook County,* 279 Ill. App. 462, "It was to remove this obvious defect in the law that the legislature enacted section 52 of the Civil Practice Act." Since that opinion was filed this section has been construed as requiring compliance with the terms of the act, at least to the extent of paying costs, to entitle the plaintiff to a voluntary dismissal. *Gunderson v. First Nat. Bank of Chicago,* 296 Ill. App. 111; *Galeener v. Hessel,* 292 Ill. App. 523. Even under the old Practice Act a distinction was made between situations where plaintiff did not appear when a cause was regularly called upon the docket, and cases in which he appeared and was present when the trial commenced but refused to participate in it. In the former class of cases the court said that judgment ought to be rendered as in case of nonsuit; but where the plaintiff appears, if he desires a nonsuit, he must make known his desire by asking for it. *Delano v. Bennett,* 61 Ill. 83. We see no difference in principle

between cases where plaintiff is present in court and refuses to proceed, and situations where he purposely absents himself from court, so that he will not have to go to trial. Section 52 of the Practice Act clearly restricted the right to voluntary dismissals and established certain prerequisites to plaintiff's right to a nonsuit. One of these is notice and another is the payment of costs. Plaintiffs neither gave notice nor paid costs, and they cannot now insist upon a nonsuit or a voluntary dismissal.

For the reasons indicated we are of opinion that the judgment and all orders appealed from should be affirmed, and it is so ordered.

*Judgment and orders affirmed.*

SULLIVAN, P. J., and SCANLAN, J., concur.