(No. 33900.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD CHAMBERS, Plaintiff in Error.

*Opinion filed May 23, 1956—Rehearing denied September 24, 1956.*

84

Shulman, Shulman, Abrams and Joseph, of Chicago, (Milton K. Joseph, of counsel,) for plaintiff in error.

Latham Castle, Attorney General, of Springfield, and John Gutknecht, State's Attorney, of Chicago, (Fred G. Leach, Edwin A. Strugala, Irwin D. Bloch, John T.

GALLAGHER, RUDOLPH L. JANEGA, and WILLIAM L. CAR-
LIN, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Defendant Edward Chambers has prosecuted this writ of error from a judgment of the criminal court of Cook County, entered on a jury verdict finding him guilty of grand larceny and sentencing him to the penitentiary for a term of not less than five, nor more than ten years. Defendant contends that the judgment should be reversed on the ground that the criminal court erred in denying his petition for change of venue, and consequently, all orders entered by the court thereafter were void.

The sole issue in this cause is whether the trial court's denial of defendant's petition for change of venue, under the circumstances herein, constitutes reversible error.

It appears from the record that on November 18, 1953, defendant, Edward Chambers, was indicted by the grand jury of Cook County, jointly with two other persons, for the larceny of certain wearing apparel of the value of $195.80, which was alleged to be the property of Wieboldt Stores, Inc. On November 24, 1953, defendant entered a plea of not guilty and was admitted to bail. The cause was assigned for trial on December 14, 1953, but was continued some eleven times by agreement or on motion of defendant, until it was finally assigned for trial on November 29, 1954.

On the morning of November 29, 1954, when the case was called for trial, defendant presented a petition to suppress evidence, alleging an unlawful search and seizure. After hearing testimony of witnesses, including defendant, in support of and in opposition to the motion, the court at noon denied defendant's motion to suppress, and adjourned until 1:30 P.M., ordering a jury called to hear the case. Upon reconvening, and with the jury waiting to be called to the box, defendant presented his motion for change of venue. The verified petition represents in substance that the

cause was being held for trial before Judge Leslie Salter and that petitioners could not get a fair and impartial trial because he was prejudiced against them; that the knowledge of said prejudice came to petitioners at 12:00 o'clock noon on November 29, 1954; and that if the cause were to be tried before the Honorable Judges Arthur J. Murphy, John J. Lyons, and Walker Butler, petitioners feel that they cannot get a fair and impartial trial before said judges. The petition was denied by the court, and the case proceeded to trial, in which defendant was found guilty by the verdict of the jury, upon which judgment was entered and sentence imposed.

In this writ of error proceeding defendant argues that inasmuch as the petition for change of venue conformed to the statutory requirements and was presented as soon as the prejudice of the judge became apparent, which was after the ruling on the motion to suppress the evidence, but before trial, the court had the absolute duty under the statute to grant the motion and the denial thereof constitutes reversible error. The prosecution, however, asserts that the petition for change of venue was not executed in conformity with the statute, since it was not supported by a proper affidavit, and represents that more than two judges were prejudiced; and furthermore that it was offered too late in the proceeding inasmuch as the court had already adjudicated one of the issues in the cause.

The relevant statutory provision pertaining to change of venue in criminal cases (Ill. Rev. Stat. 1953, chap. 146, par. 21,) provides: "When the cause for a change of venue is the prejudice of the judge or any two of them against the defendant or his attorney, the petition shall be accompanied by the affidavit of the defendant or his attorney, stating that he believes the judge, or any two of them, as the case may be, are so prejudiced against the applicant or his attorney, that either cannot have a fair and impartial trial, and thereupon the case may be tried by any other

of the circuit judges of the circuit in which the case is pending, and the venue shall not be changed from the county in which the indictment is found or the information is filed, in such case."

The statute further provides that no change of venue shall be granted more than 30 days after the earliest day at which the applicant might have been heard, unless he shall show that the causes for which a change is asked have arisen or come to his knowledge since the expiration of such thirty days; and also that only one change of venue shall be allowed. Ill. Rev. Stat. 1953, chap. 146, pars. 25, 26.

The courts, in construing the venue provisions, have reiterated that they should receive a liberal rather than a strict construction and should be construed to promote rather than to defeat the right to a change of venue, particularly where prejudice on the part of the judge is charged. (*People* v. *McWilliams,* 350 Ill. 628; *People* v. *Dieckman,* 404 Ill. 161.) Nevertheless, the statute cannot be construed so as to contravene express provisions (*People* v. *Touhy,* 361 Ill. 332,) and the applicant must comply with the statutory requirements. *People* v. *Dieckman.*

Although the verified petition for change of venue herein makes no allegation that the recitals are true, nor is that omission supplied by the jurat attached to the petition, which simply certifies that it was sworn to, this defect alone would not render the petition insufficient. However, the allegation of the prejudice of more than two judges in a petition for change of venue has been held to violate the terms of the statute, and to warrant a denial of the petition. *People* v. *Dunn,* 276 Ill. App. 437.

In *People* v. *Dunn,* 276 Ill. App. 437, the court, in denying defendant's petition for change of venue naming all of the judges of the criminal court, held that under a reasonable construction of the act an applicant for a change of venue on the ground of prejudice of the judge cannot name more than two judges in his petition in whatever

court the application is made. The court noted that the fact that Cook County has a great many more judges does not affect the requirement that only two judges may be named, and that, if it were permissible to name more than two judges, the section prohibiting a change of venue from the county would be circumvented in circuits having only three judges, since the petition would effect a removal from the county as well as the circuit. The court stated: "Regardless therefore of whether there were proper affidavits to support the petition or not, it was properly denied because on its face it asks not only for a change of venue from all the judges authorized to try the case but from more than two of them."

In addition to the foregoing defect in the petition for change of venue herein, the prosecution further contends that the petition was properly denied on the ground that it was presented too late in the proceeding.

It is uncontroverted that the law requires a petition for change of venue to be offered at the earliest practical moment, and that a petition filed after the hearing has commenced will be denied on the ground that it is filed too late. *Commissioners of Drainage District* v. *Goembel,* 383 Ill. 323; *Flassig* v. *Newman,* 317 Ill. App. 635; *People* v. *Ayers,* 250 Ill. App. 526; *Richards* v. *Greene,* 78 Ill. 525, 528; *Haley* v. *City of Alton,* 152 Ill. 113.

Defendant, however, argues that the petition for change of venue herein, presented after the conclusion of the hearing on the motion to suppress evidence, but prior to the commencement of the trial on the indictment, was offered in apt time.

In support thereof defendant cites the cases of *People* v. *Cohen,* 268 Ill. 416; *People* v. *Shiffman,* 350 Ill. 243; *People* v. *Watson,* 394 Ill. 177; and *O'Donnell* v. *People,* 224 Ill. 218. *People* v. *Watson* and *O'Donnell* v. *People* did not involve the timeliness of a petition for change of venue, but rather the issue of when jeopardy attaches,

which is a separate and distinct legal question, and the timeliness of the venue petition does not depend upon whether jeopardy attaches. In *People* v. *Cohen,* where the petition for change of venue was deemed to have been filed in proper time, the court had not yet considered the substance of the cause, but had merely ruled on a motion for a continuance. In *People* v. *Shiffman* the court held that the trial court's categorical denial of defendant's oral motion for a change of venue, with the statement, "He won't get anything," excused the necessity of defendant's filing a formal petition. Moreover, at the time the court denied the request for change of venue no evidence had been heard relating to the crime involved.

It is evident, therefore, that none of these cases are determinative of the timeliness of the petition involved herein, offered after a hearing on the motion to suppress the evidence but before the jury trial.

The requirement that a petition for change of venue be filed at the earliest practical moment is designed to preclude counsel from first ascertaining the attitude of the trial judge on a hearing relating to some of the issues of the cause, and then, if the court's judgment is not in harmony with counsel's theory, to assert the prejudice of the court as a ground for allowing a change of venue. *Commissioners of Drainage Dist.* v. *Goembel,* 383 Ill. 323; *In re Wheeling Drainage Dist. No. 1,* 282 Ill. App. 565.

Thus, where a court has already commenced a hearing and has by his rulings indicated his views on the merits of the cause, it is too late for the party against whom such rulings have been made to move for a change of venue. *Flassig* v. *Newman,* 317 Ill. App. 635.

In *People* v. *Ayer,* 250 Ill. App. 526, the court held that a motion for change of venue was presented too late where it was offered before trial but after rulings on motions to exclude evidence, to quash the information, and for a continuance.

In the *Goembel case* (383 Ill. 323,) the court, in denying a petition for change of venue submitted in a special assessment case after the court had ruled on a separate preliminarily legal issue, stated at p. 329: "When the court ruled on the objections to the petition appellants knew what the judge's attitude would be when the same objections were filed to the assessment roll. Under the circumstances each hearing must be taken to be a part of the whole proceeding."

In *Haley* v. *City of Alton*, 152 Ill. 113, the court denied a motion for change of venue in a special assessment proceeding where the motion was filed after the preliminary legal objections had been overruled, but before a trial on benefits, on the ground that the hearing on the legal objections was part of the case, and since that part had received the consideration of the court, it was too late to then petition for a change of venue.

In *In re Wheeling Drainage Dist. No. 1*, 282 Ill. App. 565, the court stated at p. 568: "It would be improper for counsel to try out the attitude of a trial judge by questions, discussion and argument, and if the court was not in harmony with counsel's views to then assert that the court was prejudiced and that a change of venue must be allowed. This practice will not be countenanced."

From the foregoing cases the criterion of the timeliness of a motion for change of venue is not the impanelling of a jury or the commencement of a trial on the merits, but rather whether the court has considered a substantive issue in the cause.

In the case at bar the motion for change of venue was not presented until after the court had heard the motion to suppress the evidence on the grounds of unlawful search and seizure of the automobile from which the evidence was taken. In the hearing on that motion, both the defendant and the prosecution presented their respective theories of the alleged crime and offered testimony in support thereof.

It was incumbent upon the trial court in ruling on that motion to determine whose evidence was more credible. Thus, in contrast to *People* v. *Cohen,* cited by defendant, where the court merely ruled on the propriety of a continuance, the court herein considered a substantive issue and part of the merits of the cause. After the court ruled adversely to defendant on that issue, no motion for change of venue could properly be allowed. To hold otherwise would be to permit defendant to ascertain the attitude of the court as to part of his case and then claim prejudice after the court rejected his theory or his evidence. Such an interpretation would convert the right to a change of venue into a right to a second chance to present a case.

Defendant argues, however, that he did not secure knowledge of the prejudice of the judge until 12:00 o'clock noon on November 29, 1954, and consequently the motion was filed in apt time. The time of acquisition of knowledge would affect the reasonableness of notice to the prosecution, but would not be determinative of the timeliness of the motion for change of venue, which depends upon the stage of the proceedings. *Commissioners of Drainage Dist.* v. *Goembel,* 383 Ill. 323.

Furthermore, with reference to the propriety of the trial court's denial of the motion for change of venue, courts have looked askance at such motions introduced after a long series of continuances. In *People* v. *Kelly,* 285 Ill. App. 57, the court stated at page 61: "Let us look into the record to see whether defendant was seeking to have the trial of the case before a judge who was not prejudiced against him, or whether he was seeking to avoid a trial of the case at all events." The court therein concluded that the defendant was endeavoring to prevent a trial before any judge.

Although we do not believe that the circumstances herein warrant any such inference, nevertheless, we cannot give approbation to the apparent delaying tactics involved

in the eleven continuances, extending over a period of more than a year, and in the fact that defendant did not move to suppress the evidence until the day the case was finally set for trial and called, even though that motion was predicated on facts known to him from the date of the indictment and could have been made at any time prior to the trial.

On the basis of the foregoing analysis it is our judgment that the criminal court did not err in denying the motion for change of venue, and the judgment of that court, entered on the jury verdict, is affirmed.

*Judgment affirmed.*