People of State of Illinois, Defendant in Error, v. Henry Gregory, Plaintiff in Error.

Gen. No. 11,128.

Second District, Second Division.

April 3, 1958.

Released for publication April 19, 1958.

Frederick Houlton Lauder, of Monmouth, for plaintiff in error.

Bufford W. Hottle, Jr., of Monmouth, State's Attorney, for defendant in error.

JUSTICE WRIGHT delivered the opinion of the court.

The State's Attorney of Warren County, Illinois, on February 23, 1955, filed in the County Court of that county a verified information charging that the defendant Henry Gregory did on February 23, 1955, operate a motor vehicle upon a public highway in said county while under the influence of intoxicating liquor. The defendant was released on bond and the cause continued to March 1, 1955, and for various reasons was continued from time to time thereafter and finally set for trial at 9:00 o'clock A. M., June 9, 1955.

Prior to the commencement of the trial, attorney Theodore Stansell, who had been representing defendant, made an oral motion to withdraw as his attorney. This motion was granted. Whereupon, attorney Frederick H. Lauder entered his appearance as attorney for the defendant.

Defendant then filed a written motion for a continuance on the ground that he was not prepared to proceed to trial on that date because his recently retained attorney was unfamiliar with the facts of his case, and that further time was needed to prepare his defense. The court denied the motion for continuance. Defendant then filed a written motion and affidavit for a change of venue from the judge. The motion for the change of venue was denied, and the cause was tried before a jury resulting in a verdict finding the defendant guilty as charged in the information.

Judgment was entered on the verdict and motions for a new trial and in arrest of judgment having been

578

denied, a writ of error was sued out of the Supreme Court of Illinois, to the County Court of Warren county, to reverse the judgment of conviction against the defendant and the cause was transferred to this court by the Supreme Court without opinion.

Many errors have been assigned as grounds for reversal, but it would serve no useful purpose to discuss all of them.

Plaintiff in error, hereinafter referred to as defendant, contends that the trial court erred in denying his application for change of venue on account of the prejudice of the judge.

It is insisted on the part of the defendant in error, hereinafter referred to as the People, that notice of the application for change of venue was not given as prescribed by statute, and further that the application came too late and was made solely for delay.

The statute (Ill. Rev. Stat. 1955, Chap. 146, Par. 21), provides for a change of venue upon the filing of an affidavit of prejudice.

The statute further provides that application may be made to the court in which the case is pending, reasonable notice of the application having been given to the State's Attorney. The statute also provides that the application is barred if made more than thirty days after the earliest day at which the applicant might have been heard, unless the applicant shall have given to the State's Attorney at least ten days previous notice of his intention to make such application, except where the causes have arisen or come to the knowledge of the applicant within less than ten days before the making of the application. It also provides that no change of venue shall be granted more than thirty days after the earliest date at which the applicant might have been heard, unless he shall show that the causes for which a change is asked have arisen or come to his knowledge since the expiration of such

579

thirty days. Ill. Rev. Stats. 1955, Chap. 146, Pars. 23, 24, 25.

█ The right to a change of venue from the judge in a criminal case on compliance with the statute is absolute. People v. Cohen, 268 Ill. 416, 109 N.E. 259; Cantwell v. People, 138 Ill. 602, 28 N.E. 964.

In the instant case the defendant filed his application, accompanied by an affidavit for a change of venue, on the morning that the trial was to commence and in the affidavit filed with the application the defendant stated that he believed the judge was prejudiced against him and that he could not receive a fair trial before the presiding judge, and further stated that this information came to his knowledge on that date.

The record discloses that a copy of the motion and affidavit for change of venue was delivered to the State's Attorney in open court at the time the motion and affidavit was presented to the judge.

█ The courts in construing the Venue Act have repeatedly held that the Act should receive a liberal construction and should be construed to promote rather than to defeat the right to a change of venue, particularly where prejudice on the part of the judge is charged. People v. Chambers, 9 Ill.2d 83, 136 N.E.2d 812; People v. McWilliams, 350 Ill. 628, 183 N.E. 582.

█ Since it appears from a statement in the affidavit filed by defendant that the knowledge of the prejudice of the judge did not come to the defendant until the date on which the motion and affidavit for change of venue was filed and copies served on the State's Attorney, we believe that the State's Attorney had reasonable notice of the application and that the pertinent provisions of the Venue Act with reference to notice were complied with.

█ The People further contend that the application for change of venue was properly denied on the

580

ground that it was presented too late in the proceeding. It is uncontroverted that the law requires an application for a change of venue from the judge to be offered at the earliest practical moment, and that an application filed after the hearing has commenced will be denied on the ground that it is filed too late. Flassig v. Newman, 317 Ill. App. 635; People v. Ayers, 250 Ill. App. 526; Haley v. City of Alton, 152 Ill. 113.

■ Thus where a judge has already commenced a hearing and has by his rulings indicated his views on the merits of the cause, it is too late for the party against whom such rulings have been made to move for a change of venue. Flassig v. Newman, supra.

■ The judge in the case at bar had not prior to the filing of the application for change of venue made any rulings indicating his views on the merits of the case. In fact, he had not passed on any controverted question in the cause other than the motion for a continuance.

We conclude that the application for change of venue was made before the commencement of the case and was made in apt time.

It is next contended by the People that the change of venue was made for the purpose of delay and was without foundation, and the alleged prejudice waived by the motion for a continuance. In support of this contention, the People cite the case of People v. Davis, 10 Ill.2d 430. In that case a petition for change of venue was filed, not accompanied by an affidavit, and following the filing of the petition a discussion was had between the trial court, the attorney for the defendant, and the State's Attorney. During this discussion, the attorney for the defendant in the presence of the defendant stated:

"I understand your Honor is going to be here next month; . . . . I would say this, if the Court would remove this case from the trial list at the present time

and not pass on the petition, it could be set for trial before you next month. I understand there is to be a jury."

At pages 434–435 of the opinion the court said:

"In view of this statement we conclude that the allegation of prejudice was without foundation; that the petition was filed for the purpose of delay; that the alleged prejudice of the trial judge was waived; and that the trial court properly denied the petition for change of venue."

In the instant case a colloquy was held between the judge, State's Attorney, and attorney for the defendant, concerning a continuance, but there was nothing said by the defendant or his attorney about the defendant being willing to have his case tried by the same judge at some future date as was the case in People v. Davis, supra.

In a criminal case when a defendant in apt time brings himself within the terms of the statute, the trial judge has no discretion as to whether or not a change of venue will be granted. He must allow it as a matter of right. He cannot question the truthfulness or the good faith of the charge of prejudice. It is not for the judge to determine whether or not he entertains prejudice against the defendant, it is for the defendant to determine whether or not be believes that the judge is prejudiced. When the statute has been complied with the trial judge loses all power and authority over the case, except to make the necessary orders to effectuate a change of venue. People v. Shiffman, 350 Ill. 243, Cantwell v. People, supra.

In view of the record in this case, we cannot say that the defendant filed the application for change of venue for the purpose of delay.

For the error in denying the application for a change of venue from the judge, the judgment of the

582

County Court of Warren county is reversed and the cause is remanded for a new trial.

Reversed and remanded.

CROW, P. J. and SOLFISBURG, J., concur.