Arthur F. Johnson, Doing Business as Arthur F. Johnson & Company, Plaintiff-Appellee, v. Elmer H. Schuberth, Defendant-Appellant.

Gen. No. 48,823.

First District, First Division.

April 8, 1963.

Romano, Rice & O'Brien, of Chicago (James B. Rice and Henry S. Romano, of counsel), for appellant.

Samuel Morgan, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Defendant appeals from a judgment on the pleadings entered against him in the Superior Court affirming a decision and award made by the Reference and Arbitration Committee of the Chicago Real Estate Board.

The pleadings indicate that plaintiff and defendant are real estate brokers licensed by the State of Illinois. In August, 1961, a farm located outside Chicago was sold and defendant was paid a real estate commission. Plaintiff contended he was entitled to $9,125 being one-half the commission. Plaintiff and defendant were unable to resolve the dispute and in September plaintiff submitted the matter to the Reference and Arbitration Committee of the Chicago Real Estate Board. The Board's bylaws provide for the mandatory arbitration of disputes over commissions among members.

Plaintiff alleged, in his complaint, that both he and defendant were members of the Board and bound by the bylaws providing for arbitration of disputes over commissions.

Notification of the arbitration proceedings was sent to defendant, but he refused to submit to arbitration and did not appear before the Committee. An ex parte proceeding was held and the Committee found that plaintiff was entitled to the $9,125 he claimed. On October 18th a letter was sent to defendant notifying him of the award. A copy of the award was enclosed. The award recited that defendant was a member of the Board, but had written two letters to the Committee tendering his resignation and requesting the Committee to decline taking any action in the case. The tender of resignation was not accepted.

Defendant refused to pay the award and plaintiff then instituted this action to enforce the award and to recover the $141.96 arbitration costs. The complaint, in addition to the allegations set forth above, included the bylaw provisions requiring the arbitration of disputes over commissions and set forth the arbitration award and attached, as Exhibit A, the letter of October 18th.

Defendant's answer admitted that both he and plaintiff were real estate brokers, admitted that he refused to submit to arbitration, and admitted receipt of the letter of October 18th which gave notice of the award. Defendant asserted the bylaws set forth in the complaint were incomplete, but did not set forth any additional bylaws nor did he assert that the quoted bylaws were misquoted or erroneous. Defendant specifically denied that "any bona fide dispute or controversy" had arisen between the parties, but asserted that plaintiff had asserted a "baseless claim." All other allegations were met by general denials except that defendant

pleaded he had no information as to whether or not plaintiff was a member of the Board.

Defendant's answer then pleaded three affirmative defenses and also set up a counterclaim in equity seeking to enjoin the Board from acting on its award and to make it a party defendant. The first affirmative defense alleged that the "award is based upon false and perjured testimony, and constitutes arbitrary, capricious, erroneous, and improper action by the said Chicago Real Estate Board, and its committee on Arbitration." The second and third affirmative defenses were based on the old Illinois Arbitration Act. (Ill Rev Stats, c 10, §§ 1–18, repealed by Laws 1961, p 3844, § 23, August 24, 1961.) The counterclaim, which sought to set aside the arbitration award, was also based on the old arbitration statutes.

Several motions were made and argued prior to the entry of the judgment appealed from. Prior to making his answer to the complaint, defendant appeared before Judge McKinlay and moved to strike the complaint. Defendant's sole argument in support of this motion was that the old arbitration act was controlling and under it the proceedings before the Arbitration Committee were void. Plaintiff then presented a motion for judgment on the pleadings. After argument, Judge McKinlay denied both motions and defendant filed his answer set forth above. After the filing of the answer, including the counterclaim, defendant presented a motion to Judge Ward to transfer the cause to the Chancery division. Judge Ward referred this to Judge McKinlay. Defendant then presented a petition for change of venue which Judge McKinlay denied. Plaintiff then presented another motion for judgment on the pleadings and this was granted.

Defendant makes three arguments on this appeal. The first is that the Reference and Arbitration Com-

471

mittee was without jurisdiction to enter the award. This argument is based on defendant's contention that he is not a member of the Chicago Real Estate Board and had not consented, in writing, to jurisdiction. The second argument is that the old Illinois Arbitration Act is controlling in this situation and under this act, the instant arbitration award is invalid. The third contention is that Judge McKinlay erred in not granting the petition for change of venue.

Whether or not defendant was a member of the Chicago Real Estate Board at the time the arbitration procedure was instituted is a question of fact and the law is clear that rendering judgment on the pleadings while an issue of fact remains undisposed of necessitates a reversal and remandment. Waxenberg v. J. J. Newberry Co., 302 Ill App 128, 142, 23 NE2d 574. The question then is whether defendant, by his answer, raised this issue.

Section 40 of the Civil Practice Act (Ill Rev Stats, c 110, § 40) provides:

> (1) General issues shall not be employed. Every answer and subsequent pleading shall contain an explicit admission of denial of each allegation of the pleading to which it relates.
> (2) Every allegation, except allegations of damages, not explicitly denied is admitted, . . . .
> (3) Denials must not be evasive, but must fairly answer the substance of the allegation denied.

Plaintiff properly alleged that defendant was, at all relevant times, a member of the Chicago Real Estate Board.

Paragraph 1 of the complaint stated:

> That the plaintiff and the defendant at all times hereinafter mentioned were engaged in business as Real Estate Brokers, were duly licensed as such

Brokers pursuant to Certificates of Registration issued by the Department of Registration and Education of the State of Illinois, and were members in good standing of the Chicago Real Estate Board.

Paragraph 5 of the complaint stated:

That, however, under the said Bylaws the defendant, as a member of the Chicago Real Estate Board, was absolutely and finally bound by the findings of the said Reference and Arbitration Committee.

Paragraph 6 of the complaint set forth the Decision and Award of the Committee. The award stated:

The Reference and Arbitration Committee heard and considered the above named case on Monday, October 9, 1961, pursuant to official notice previously given to all parties. The Committee heard evidence submitted on behalf of complainant, a member of the Chicago Real Estate Board. *Defendant, also a member of the Chicago Real Estate Board,* did not attend the hearing personally or through counsel, and no evidence was presented on his behalf.

Defendant previously by letters dated September 11, 1961, and September 14, 1961, had requested the Committee to decline taking any action in the above named case on the ground that there was no merit on the face of the complaint. Defendant also specifically stated that he was tendering his resignation from the Chicago Real Estate Board and that he declined to submit to arbitration.

By letter dated October 2, 1961, and addressed to defendant, the Committee denied defendant's request to decline to take any action with respect

to this case. The attempt at voluntary resignation of defendant from Chicago Real Estate Board membership has not been accepted by the Board. Under the Bylaws of the Chicago Real Estate Board defendant does not have the right to decline to submit to arbitration under the circumstances of this case. . . .

Defendant's answer to Paragraph 1 of the complaint was as follows:

> Answering Paragraph 1 of Plaintiff's complaint, Defendant does not know of his own knowledge whether or not the Plaintiff is a member of the Chicago Real Estate Board, therefore neither admits nor denies the same, but demands strict proof thereof. Defendant admits that both the Plaintiff and Defendant were engaged in business as real estate brokers, and that they were both duly licensed as such brokers pursuant to Certificate of Registration issued by the Department of Registration and Education of the State of Illinois. Defendant denies each and every other allegation in said paragraph.

Defendant's answer to Paragraph 5 was that he "denies the allegations in Paragraph 5 of Plaintiff's complaint." The answer to Paragraph 6 of the complaint was that "Defendant has no information sufficient to form a belief as to the truth of the allegations in Paragraph 6, therefore neither admits nor denies the same, but demands strict proof thereof."

Nowhere in the answer is there an explicit denial of membership in the Chicago Real Estate Board as required by Section 40(2) of the Civil Practice Act. Defendant's whole answer can only be typified as evasive and contrary to the requirements of Section 40(3) of the Civil Practice Act.

474

Even in defendant's first affirmative defense, that the "award is based upon false and perjured testimony, and constitutes arbitrary, capricious, erroneous, and improper action by the said Chicago Real Estate Board, and its committee on Arbitration," there is no allegation that the Committee lacked jurisdiction because defendant was not a member of the Board. Yet on this appeal, defendant cites solely his alleged lack of membership as basis for his contention that the Committee lacked jurisdiction to enter the award.

Defendant contends his general denials refuted plaintiff's allegations of membership. The general denials do not meet the requirements of Section 40 of the Civil Practice Act. See People ex rel. Housing Authority v. Hursey, 7 Ill2d 537, 539, 131 NE2d 483; Siniarski v. Hudson, 338 Ill App 137, 87 NE2d 137; Oppenheimer v. Wm. F. Chiniquy Co., 335 Ill App 190, 81 NE2d 260. We conclude that the pleadings did not raise a question of fact and judgment on the pleadings was proper.

Defendant's next contention, the basis of two of his affirmative defenses, is that the arbitration award is unenforceable under sections 1, 8, 11, and 12 of the old Arbitration Act. Apparently, defendant concedes that the award is binding if the new Uniform Arbitration Act * is applicable. Judge McKinlay held that the award is binding under either the old or new Arbitration Act.

The matter in controversy was submitted to arbitration on August 28, 1961, four days after the effective date of the new act. Defendant relies on section 123 of the new act which provides:

> " 'An Act to revise the law in relation to arbitrations and awards,' approved June 11, 1917, as amended, is repealed; provided, however, that

---

* Ill Rev Stats c 10, §§ 101–123.

any agreement entered into prior to the effective date of this Act to submit to arbitration a dispute existing at the date of the agreement shall be governed by said Act approved June 11, 1917; provided further, that this Act does not impair the validity of any proceeding under said Act, approved June 11, 1917, commenced prior to the effective date of this Act."

It appears to be defendant's contention that the date of the agreement to arbitrate would be the date he joined the Chicago Real Estate Board which is prior to the effective date of the new act and therefore the latter act is inapplicable against him. We cannot agree. Under defendant's interpretation those who joined the Board after August 24, 1961, would be bound to arbitrate while those who joined prior to August 24, 1961, would not be bound. We cannot accept this interpretation of the law. Rather, we believe that each day defendant remained a member of the Chicago Real Estate Board is to be considered as an agreement to adhere to the bylaws of the organization. Thus, when the matter was submitted to arbitration on August 28, 1961, there existed a post August 24, 1961, agreement to arbitrate.

However, even if the new act is not considered applicable, we feel the bylaw arbitration provisions are valid under the prior law.

■ The general rule, under the old law, was that an agreement in an executory contract to submit to arbitration any controversy which would arise under it was considered contrary to public policy and void as it was an effort to divest the courts of jurisdiction. However, there were exceptions to the rule. One exception was that members of voluntary associations were required to exhaust their internal remedies prior to instituting legal action. See cases cited in Payne v. Pullman Co., 13 Ill App2d 105, 113, 141 NE2d 83. Another exception

to the rule were those cases commonly referred to as the Board of Trade Cases. In Pacaud v. Waite, 218 Ill 138, 75 NE 779, members of the Board brought suit for an accounting and an injunction. Complainants had contracted to sell a quantity of oats for future delivery and had deposited a margin with a bank. Complainants alleged that manipulations of the market caused a "corner" on oats with resulting fictitious high prices. Complainants sought to prevent payment of the margin to defendants. The bylaws and rules of the Board provided that disputes over margins were to be settled by an arbitration committee. With regard to these rules the Supreme Court stated:

> The members of the board agree, in writing, as a condition precedent to membership, that they will abide by the rules, regulations and bylaws of the association, one of which is, that when a margin is deposited to secure a sale or purchase, if the parties to the contract, after the contract has been closed, cannot agree to whom the margin shall be paid by the depository, a committee consisting of three members of the board shall be appointed by the president of the board, who shall determine that question, which determination shall be certified to the depository by the president of the board upon either the original or the duplicate certificate which evidences the deposit, which endorsement of the president shall authorize the payment as therein directed by the depository. We see no reason why this rule should not be binding upon the members of the board of trade. 218 Ill at 145.

The Supreme Court then stated, in language we feel applicable to the instant situation, "[t]he object of the rule doubtless is to provide a method whereby it may be determined promptly, after a contract has been closed, to whom the deposit shall be paid, and thereby

relieve the members from the expense and delay of a determination of that question in the courts." Here, the arbitration provision is applicable only to disputes over commissions and the party is bound only if he is a member of the Real Estate Board. Sales of real estate often involve several brokers, all of whom claim all or part of the commission paid. Without the provision in question a multiple party action would have to be filed in the courts resulting in a long delay prior to determination. Under the bylaws the parties are able to have the dispute settled promptly by persons having a special competence in this field.

Defendant relies on Hill v. Mercury Record Corp., 26 Ill App2d 350, 168 NE2d 461, which involved a dispute over a recording contract. Plaintiff sought damages for breach of the contract as well as an accounting of royalties. Plaintiff was a member of the American Federation of Musicians and defendant was a licensee. Defendant moved to dismiss the complaint on the grounds that the contract between the parties incorporated the bylaws of the Federation and those bylaws provided that the "adjudication of grievances before the Board under the provisions of [the bylaws] shall be the sole and exclusive remedy for breach of contract by the employee (or performers of services), employers (or purchasers of services) and booking agents." Defendant contended institution of the court action violated the bylaws. The trial court dismissed the complaint but the Appellate Court reversed.

Whereas the Chicago Real Estate Board's bylaws limit arbitration solely to disputes over commissions, the Federation's bylaws covered a wide variety of disputes and not just those where the arbitration committee would have special competence. In addition, the arbitration was mandatory rather than permissive as here. The court in Hill stated that it had grave doubts that the bylaws had been actually incorporated

in the contract between the parties and further stated that they did not clearly require an exhaustion of internal remedies before institution of court action, the actual question before the court. The court then stated that the arbitration provisions were void and not within the scope of the exception outlined in Pacaud v. Waite, 218 Ill 138, 75 NE 779.

We hold that the present case is within the exception outlined in Pacaud and that Hill is not controlling.

■ Defendant's final contention is that Judge McKinlay erred in not granting the petition for change of venue. Defendant contends the petition was timely since it was presented before the cause was set for trial. However, it was not presented until after Judge McKinlay had ruled on defendant's motion to strike the complaint, at which time defendant raised his legal defenses. In People v. Chambers, 9 Ill2d 83, 136 NE2d 812, the Supreme Court reviewed prior decisions dealing with change of venue, both criminal and civil. Several cases, cited with approval, settle the instant question.

> In People v. Ayer, 250 Ill App 526, the court held that a motion for change of venue was presented too late where it was offered *before trial but after rulings on motions to exclude evidence, to quash the information, and for a continuance. . . .* In Haley v. City of Alton, 152 Ill 113, the court denied a motion for change of venue in a special assessment proceeding where the motion was filed *after the preliminary legal objections had been overruled, but before a trial on benefits,* on the ground that the hearing on the legal objections was part of the case, and since that part had received the consideration of the court, it was too late to then petition for a change of venue.

The Supreme Court then concluded:

> From the foregoing cases the criterion of the time-liness of a motion for change of venue is not the impanelling of a jury or the commencement of a trial on the merits, but rather whether the court has considered a substantive issue in the cause. 9 Ill2d at 89–90. (Emphasis added.)

Once Judge McKinlay denied defendant's motion to strike, it then became too late to request a change of venue.

We conclude that defendant did not present a question of fact by his pleadings, that the bylaws are valid and binding, and that the change of venue petition, under the circumstances, was properly denied. The judgment below is, therefore, affirmed.

Affirmed.

MURPHY, J., concurs.

ENGLISH, J., dissenting:

I agree with the majority's statement of the law to the effect that judgment should not be entered on the pleadings if an issue of fact has been raised. I believe that a very important material issue of fact was raised by defendant's answer, and, in consequence, I must dissent.

The court proceedings in this case are based upon the proposition that both parties are members of the Chicago Real Estate Board, and, therefore, subject to the arbitration procedures included in its bylaws. If defendant had not been a member of the Board at the time in question, I would presume that the claim, as presented, would fall, but, more importantly, if defendant's answer raised an issue as to his membership in the Board, then judgment for plaintiff on the pleadings would have been improper. As to this, I believe we are in agreement.

Three sections of the Civil Practice Act bear on our consideration of the sufficiency of defendant's answer to raise an issue of fact. As mentioned by the majority, Section 40 requires that an answer contain "an explicit admission or denial of each allegation" of the complaint. Other pertinent sections provide in part:

> Pleadings shall be liberally construed with a view to doing substantial justice between the parties. (Sec 33(3).)
> If any pleading is insufficient in substance or form the court may order a fuller or more particular statement. If the pleadings do not sufficiently define the issues the court may order other pleadings prepared.
> No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet. (Sec 42(1), (2).)

Section 33(2) also provides that a pleading shall be divided into paragraphs and that each paragraph shall contain, as nearly as may be, a separate allegation.

Paragraph 1 of the complaint (quoted in full in the majority opinion) is not limited to one allegation, but contains several, and therefore requires a multiple response in defendant's answer. Separating the allegations and placing the pertinent part of the answer alongside, the pleadings read as follows:

| COMPLAINT | ANSWER |
|---|---|
| (T)he plaintiff and the defendant at all times hereinafter mentioned were engaged in business as Real Estate Brokers. | Defendant admits that both the Plaintiff and Defendant were engaged in business as real estate brokers. |
| (The plaintiff and the defendant at all times | (Defendant admits that both Plaintiff and Defend- |

481

hereinafter mentioned) were duly licensed as such Brokers pursuant to Certificates of Registration issued by the Department of Registration and Education of the State of Illinois.

ant) were duly licensed as such brokers pursuant to Certificate of Registration issued by the Department of Registration and Education of the State of Illinois.

Thus far, there is no problem. These two allegations are both admitted. This leaves only the one critical allegation which was stated and answered as follows:

## COMPLAINT

(The plaintiff and the defendant at all times hereinafter mentioned) were members in good standing of the Chicago Real Estate Board.

## ANSWER

Defendant does not know of his own knowledge whether or not the Plaintiff is a member of the Chicago Real Estate Board, therefore neither admits nor denies the same, but demands strict proof thereof. . . . Defendant denies each and every other allegation in said paragraph.

When considered in this form, it is apparent that the only allegation to which the last sentence of the answer applies, is the claim that defendant was a member of the Board. Unless this sentence of the answer is to be disregarded completely, it can only mean that defendant denies the only remaining unanswered allegation of the paragraph. I think that is sufficient.

Under the guideline established by Section 42(2), I believe that defendant's denial of membership, thus

pleaded, "reasonably informs the (plaintiff) of the nature of the . . . defense."

If this type of denial (the last sentence of the paragraph) and the allegation to which it applies were in separate paragraphs, there could be no doubt but what the allegation had been specifically denied, and not admitted. The joining together of the several allegations into one paragraph (contrary to Section 33(2)) was the doing of the plaintiff, not the defendant. If there was a question as to what was admitted and what was denied, then the court (or the court on motion of the plaintiff) could have ordered "a fuller or more particular statement." (Section 42(1).)

To construe these words of denial as an admission of the allegation basic to the whole proceeding is not, in my opinion, following the direction of the statute that "pleadings should be liberally construed with a view to doing substantial justice between the parties." (Section 33(3).) This is especially true, since the nature of the court's action, on this highly technical ground, was to deprive the defendant of a hearing on the merits. It is my belief that in a motion for judgment on the pleadings, the sections of the Practice Act which I have referred to demand the opposite result.

As to paragraph 5 of the complaint, the oblique reference to defendant's membership would, I am sure, not support the action if it stood by itself, and if the membership allegation of paragraph 1 were to be considered as having been denied, then the answer to paragraph 5 would also be sufficient.

Paragraph 6 of the complaint simply alleges the decision and award of the Board, and does not constitute allegation of all the contents of that award so as to require answer. Defendant's answer to this paragraph is clearly sufficient.

I would reverse the order of the Superior Court for a trial on the issue of whether or not defendant was a member of the Board at the times in question.