GOLDEN SEED Co., INC., Plaintiff-Appellee, *v.* FUNK SEEDS INTERNATIONAL, INC., Defendant-Appellant.

(No. 74-66;

Third District—July 31, 1974.

Robert Noe, of Bozeman, Patton & Noe, of Moline, for appellant.

William Snyder, of Van Der Kamp & Crampton, of Rock Island, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an interlocutory appeal, taken pursuant to Supreme Court Rule 307, from an order of the Circuit Court of Rock Island County, Illinois, which enjoined the defendant, Funk Seeds International, Inc., from proceeding with arbitration of a contract dispute between it and the plaintiff, Golden Seed Co., Inc.

The plaintiff, Golden, is in the business of producing, processing, and marketing hybrid seed corn, and the defendant, Funk, is in the business of producing, selling, and distributing foundation seed for the production of hybrid seed corn.

Golden and Funk have for many years been members of the American Seed Trade Association, which has in its bylaws a provision for arbitration of disputes between its members. Section 2 of article XIII of the bylaws reads in part as follows: "Any controversial claim arising out of or relating to a contract or breach thereof involving business transactions between members of the American Seed Trade Association shall, unless otherwise specified, be settled by arbitration in accordance with the rules of the American Arbitration Association * * *."

On June 25, 1971, Golden and Funk entered into a franchise agreement under which Funk was to supply foundation seed to Golden, which was to be used by Golden to grow seed corn for sale to farmers at retail as Funk hybrid seed corn. Their franchise agreement made no reference to arbitration as a means of settling disputes. It provided as follows: "(11) In the event of any default or failure by Associate [Golden] to perform any of the several covenants, agreements and promises of the Associate to the Company [Funk] hereunder, the Company shall have the right, without the necessity of election, to pursue and employ any and all remedies against the Association simultaneously, including remedies for specific performance and injunctive relief, notwithstanding any other provisions of this agreement." It further provided: "(21) Notwithstanding anything else herein to the contrary, it is understood and agreed: * * * (c) * * * All remedies afforded by this contract are cumulative, that is, in addition to any other remedy provided therein or by law."

In 1972 Golden elected to terminate the franchise agreement. A dis-

pute thereafter arose concerning Funk's obligation under that agreement to purchase seed corn which Golden had on hand. The parties being unable to resolve their dispute, Funk filed a demand for arbitration with the American Arbitration Association. Golden then commenced suit for damages and for an injunction against Funk's continuing with the arbitration proceedings; a hearing was held on the prayer for an injunction, pursuant to section 2 of the Uniform Arbitration Act (Ill. Rev. Stat. 1973, ch. 10, § 102); the trial court granted the injunction; and this interlocutory appeal by Funk followed.

Funk takes the position that the bylaws of the seed trade association constitute a binding agreement to arbitrate disputes between the parties arising out of contracts between them, and that the franchise agreement did not change the pre-existing agreement to arbitrate. Golden's position is that the bylaws are not a written contract for arbitration within the meaning of section 1 of the Uniform Arbitration Act (Ill. Rev. Stat. 1973, ch. 10, sec. 101), and that the franchise agreement granted the parties the right to seek appropriate relief from the courts in the event of a default. We must determine whether under the trade association's bylaws and the subsequent franchise agreement the parties had a contractual obligation to arbitrate their dispute.

■■ It has been held that the provisions of a voluntary association's bylaws which require arbitration of disputes between members constitute a binding agreement on the part of its members to submit disputes to arbitration. (*Pacaud v. Waite*, 218 Ill. 138; *Johnson v. Schuberth*, 40 Ill. App.2d 467; 5 Am. Jur. 2d *Arbitration and Award* § 11 (1962).) However, an arbitration agreement may be revoked by mutual consent of the parties, both at common law and under the Uniform Act 5 Am. Jur. 2d *Arbitration and Award* § 41 (1962), and the bylaws of the seed trade association appear to recognize this by requiring arbitration "unless otherwise specified." We must therefore look to the franchise agreement to see whether its provisions supersede the agreement for arbitration.

■■ The parties' franchise agreement provides that Funk shall have the right to seek specific performance, injunctive relief, and "any other remedy provided * * * by law." It does not say that Funk shall have any other remedy provided by law which it has not previously surrendered by entering into an agreement for arbitration. It does not say that Funk shall have any other remedy provided by law for the benefit of a party to an arbitration agreement. It gives no intimation that an action for damages is not to be considered a remedy provided by law, as the expression is used in this agreement. Rather, it employs language which would ordinarily be used to indicate that the parties shall have the right to pursue all remedies generally obtainable in a court of law.

If arbitration of all disputes had been intended, the franchise agreement should have said so, and should not have left it to strained inference from language ordinarily being inclusive of all remedies provided by courts of law; and if the latter language had been thought inapplicable for these particular parties, both being members of the trade association, it should have been deleted from the franchise agreement form.

Furthermore, the parties appear to agree that whatever remedy or remedies are available to one are likewise available to the other of them. We therefore find that both Funk and Golden were given access to the courts by their franchise agreement, and so their prior agreement for arbitration became of no effect as to disputes arising under that franchise agreement.

For the reasons stated, the order of the Circuit Court of Rock Island County enjoining Funk from taking any further action in the arbitration proceedings is affirmed.

Order affirmed.

SCOTT, P. J., and STOUDER, J., concur.